## TOWN OF HASKELL et al. v. EDMONDS et al.

No. 12841—Opinion Filed April 10, 1923.

Rehearing Denied May 8, 1923.

Second Petition for Rehearing Denied May 29, 1923.

### (Syllabus.)

1. **Statutes — Enactment — Original and Amendatory Acts — Constitutional Requisites.**

An act of the Legislature, which is in form original and in itself intelligible and complete, and does not, either in its title or in its body, appear to be revisory or amendatory of any existing law, is not within the inhibition of section 57, art. 5, of the Constitution, providing that "no law shall be revived, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length"; and this is true, even where such act seeks to effectuate the powers conferred by referring to an act requiring the officers provided for thereunder to proceed in the performance of their duties in accordance with general laws previously enacted.

2. **Same—Original Act—Law Relating to Street Improvements for Towns.**

The act of the Legislature involved herein is in form original, and it does not either in its title or in its body purport to revive any dormant law, or amend, extend, or confer by reference to the title only, the provisions of any existing law.

3. **Same—Validity—Construction.**

The act on its face not purporting to do any of the things prohibited by the Constitution, it inevitably follows that if it is to be held unconstitutional, that result must be reached by the process of construction.

4. **Statutes—Construction—Legislative Intent.**

In the construction of a statute it is the duty of the court to seek to ascertain and carry out the intention of the Legislature in its enactment and to give full effect to such intention.

5. **Same—Validity Favored.**

Where there are two possible constructions of a statute, one of which will give rise to grave doubt as to its constitutionality and the other avoids such question, the latter will be adopted.

6. **Municipal Corporations—Act Empowering Towns to Improve Streets—Construction.**

The intention of the Legislature, as clearly stated in the title and the balance of the act, was to confer upon incorporated towns having a population of more than 1,000, the substantive power, not previously possessed, of permanently improving the streets by paving, etc., and to authorize the municipal officers to proceed, in the exercise of the power thus conferred in accordance with the existing general laws of procedure.

7. **Same—Constitutionality.**

This construction of the act renders it free from the constitutional defects urged against it.

8. **Same—Injunction Against Paving Assessments—Reversal.**

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to dismiss plaintiff's petition.

McNeill, J.. dissenting.

Error from District Court, Muskogee County: Benj. B. Wheeler, Judge.

Action by D. Edmonds and others against the Town of Haskell, the town clerk, and the county treasurer, to enjoin the levying and collection of certain paving assessments. Judgment for plaintiffs, and defendants bring error. Reversed, and cause remanded, with directions.

G. A. Paul, O. H. Searcy, Rainey & Flynn, Cochran & Ellison, and Geo. S. Ramsey, for plaintiffs in error.

W. J. Crump, Myron White, and Gus Seawell, for defendants in error.

Sid White, N. A. Gibson, Jos. L. Hull, Jos. I. Pitchford, and Eldon J. Dick, of counsel.

Charles B. Wood, Horace S. Oakley, Ralph W. Jackman, H. M. Wilkie, and D. A. Richardson, amici curiae.

KANE, J. This was a suit in equity commenced by the defendants in error, as a committee representing interested property

owners, for the purpose of enjoining the plaintiffs in error from levying and collecting assessments against their property for the payment of certain paving improvements.

The town of Haskell is an incorporated town having a population of more than 1,000 and the paving was duly petitioned for by the property owners pursuant to chapter 176 of the acts of the Legislature of 1919, which act, including the title, is in words and figures as follows:

"An act providing for the establishing and changing of the grade of any street, avenue, land, alley, or other public place in any incorporated town in the state of Oklahoma, having a population of more than 1,000, as shown by the last federal census, or any special census taken for that purpose, and for permanently improving the same by paving, macadamizing, curbing, guttering and draining the same, including the installation of manholes, sewers, and catch-basins; providing for paying for said improvements, and declaring an emergency.

"Be it enacted by the People of the State of Oklahoma:

"Section 1. That all of the provisions of article 12 of chapter 10, of the Revised Laws of Oklahoma, 1910, are hereby made applicable to, and may be used for the purpose of establishing and changing the grade of any street, avenue, land, alley or other public place in any incorporated town having a population of more than one thousand (1,000) as shown by the last federal census, or any special census taken for that purpose and for permanently improving the same by paving, macadamizing, curbing, guttering and draining the same, including the installation of all manholes, sewers, and catch-basins, and providing for paying for said improvements.

"Section 2. All incorporated towns in the state of Oklahoma, having a population of more than one thousand (1,000) as shown by the last federal census, or any special census taken for that purpose, may proceed under all the provisions of said article 12 of chapter 10, of the Revised Laws of Oklahoma, 1910, and make assessments thereunder for the purpose of paying for the improvements provided for in section 1, of this act, and may issue bonds as provided for in said article and in all things necessary for the improving and paving, curbing, guttering and draining of any street, avenue, land, alley or other public place in said town, proceed under any and all the provisions of said article 12."

It is conceded that the paving was done strictly in pursuance of the foregoing act at a cost of several hundred thousand dollars, and that upon its completion the property owners benefited by the improvement sought to avoid paying for the same upon the sole ground that chapter 176, supra, is in violation of that part of section 57, art. 5, Williams' Constitution, which provides as follows:

"No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length."

The trial court sustained this view of the law and granted an injunction as prayed for, to reverse which this proceeding in error was commenced.

In our opinion the action of the trial court complained of was erroneous.

The foregoing provision of the Constitution has been fully considered by this court in several similar cases and the following rules for testing whether a particular act of the Legislature is within its inhibition have been firmly established:

"An act of the Legislature, which is in form original and in itself intelligible and complete and does not, either in its title or in its body, appear to be revisory or amendatory of any existing law, is not within the inhibition of section 57, art. 5, of the Constitution, providing that 'no law shall be revived, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length; and this is true, even where such act seeks to effectuate the powers conferred by referring to and requiring the officers provided for thereunder to proceed in the performance of their duties in accordance with general laws previously enacted." City of Pond Creek v. Haskell, 21 Okla. 711, 97 Pac. 338; State v. Howard, 67 Okla. 289, 171 Pac. 30; In re Lee, 64 Okla. 310, 168 Pac. 53.

A casual glance clearly discloses that the act of the Legislature involved herein is in form original, and that it does not either in its title or in its body purport to revive any dormant law, or amend, extend, or confer by reference to the title only, the provisions of any existing law. This much being conceded, the act on its face not purporting to do any of the things prohibited by the Constitution, it inevitably follows that if it is to be held unconstitutional, that result must be reached by the process of construction.

Now, in construing the act, we must take into account two of the most elementary and cardinal canons of construction which apply with particular force to the situation presented by the record before us. The

first of these rules is that in the construction of a statute it is the duty of the court to seek to ascertain and carry out the intention of the Legislature in its enactment, and to give full effect to such intention; and the second rule is that, where there are two possible constructions of a statute, one of which will give rise to grave doubt as to its constitutionality, and the other avoids such question, the latter will be adopted. Rakowski v. Wagner, 24 Okla. 282, 103 Pac. 632; United States v. Bennett, 232 U. S. 303.

Keeping in mind these elementary rules of construction and the tests for determining the constitutionality of acts of the Legislature laid down in City of Pond Creek v. Haskell, supra, and the other cases cited, let us proceed to take up the next question in order for determination, which is this: "Is the act intelligible?" Or, to state the same question another way, "Can the intention of the Legislature be ascertained from a comprehensive view of the act iself?"

Now, if we take the entire act, including the title, which is permissible, by the four corners and read it carefully, can there be any reasonable doubt as to what the Legislature intended? Clearly not. The intention of the Legislature, as clearly expressed in the title and the balance of the act, was to confer upon incorporated towns having a population of more than 1,000, the substantive power, not previously possessed, of permanently improving the streets by paving, etc., and to authorize the municipal officers to proceed in the exercise of the power thus conferred in accordance with the existing general laws of procedure.

Inasmuch as the intention of the Legislature may be ascertained without difficulty by an examination of the entire act, we must conclude that it is in itself intelligible.

Having reached this conclusion, we submit that the intention of the Legislature may, without doing violence to the provisions of the act itself, be fairly expressed as follows:

"Section 1. Incorporated towns having a population of more than 1,000 people are hereby granted the power to establish and change the grade of any street, avenue, land, alley or other public place therein, and to improve the same by paving, macadamizing, curbing, guttering and draining the same, including the installation of all manholes, sewers and catch-basins, and to pay for the same by assessments levied upon the property benefited.

"Section 2. The procedure for executing the foregoing powers and for making the assessments and paying for the improvements shall be the same as that now provided by law for cities of the first class."

This construction renders the act valid, and in our opinion it gives full effect to the express intention of the Legislature. City of Pond Creek v. Haskell, supra; State v. Howard, supra; In re Lee, supra.

And it also observes the rule of construction that a statute will not be declared invalid as being repugnant to the provisions of the Constitution unless such repugnancy clearly appears beyond a reasonable doubt. In re Lee, supra.

Although there are many cases in point sustaining this conclusion from other jurisdictions having similar constitutional provisions, we have cited only cases decided by this court.

The opinions rendered in the three cases principally relied upon are very exhaustive, and in them the court reviews at length practically all the authorities in point from other states. To attempt to go over the same ground again in the case at bar would be but a work of supererogation.

Suffice it to say that the decided trend of the best-considered cases is to so construe this provision of the Constitution as not to put unreasonable restraints upon the power of legislation, and thus unnecessarily embarrass the Legislature in its work. The language of the provision is so broad that a literal construction would hamper legislation almost to the extent of prohibiting it. Hence, the courts hold this provision does not make it necessary when a new statute is passed, that all prior laws modified, affected, or repealed in part, by implication by it, should be re-enacted. If a law is in itself complete and intelligible, and original in form, it does not fall within the meaning and spirit of the Constitution.

We are thoroughly convinced that the act involved in this case is free from the constitutional defects urged against it under any reasonable application of the principles announced in the authorities cited.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to take such further action as may be necessary, not inconsistent with the views herein expressed.

KENNAMER, NICHOLSON, COCHRAN, and HARRISON, JJ., concur.

McNEILL, J. (dissenting). I am unable to agree with the majority opinion. In my judgment there are issues involved in the case not considered in the opinion, and if the majority opinion is correct, the case should be reversed to try those issues. The only question considered in the majority opinion is whether chapter 176, of the act of 1919, is in violation of article 5, sec. 57, of the Constitution of the state of Oklahoma, and void. The portion of article 5, section 57, that is applicable reads as follows:

"No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended or extended or conferred shall be re-enacted and published at length."

This court has heretofore announced as a principle of law that a statute will not be declared unconstitutional unless its unconstitutionality is clearly established. City of Pond Creek v. Haskell, 21 Okla. 711, 97 Pac. 338. This court has also stated the following principle:

"An act of the Legislature, which is in form original and in itself intelligible and complete, and does not, either in its title or in its body, appear to be revisory or amendatory of any existing law, is not within the inhibition of section 57, art. 5, of the Constitution. * * *"

See City of Pond Creek v. Haskell, supra; State v. Howard, 67 Okla. 296, 171 Pac. 30; In re Lee, 64 Okla. 310, 168 Pac. 53.

The majority opinion holds that the act in question is original, intelligible, and complete within itself, and therefore not in violation of the Constitution. I am unable to agree that the act is original, intelligible, or complete within itself. In determining whether an act of the Legislature is original, intelligible, and complete in itself, the first inquiry is to ascertain how this question is to be determined. This court in the case of State v. Howard, supra, stated:

"* * * But when the statute in itself appears to be original, and in itself intelligible and complete, and does not either in its title or in the body thereof appear to be revisory or amendatory of any law, it is not within the inhibition of section 57, art. 5."

This same language was used in the case of City of Pond Creek v. Haskell, supra. Let us apply the principle of law to the act in question. The title purports to be an act original, intelligible, and complete within itself, authorizing towns of over 1,000 people to pave and improve streets, and provides the method for making assessments to pay for said improvements. If we look no further, the solution of the question would be easy. Let us now examine the body of the act. Section one of the act consists of one sentence, and provides that all of the provisions of article 12, ch. 10, Rev. Laws 1910, are made applicable to and may be used for the purpose of establishing and changing grades and for permanently improving streets, and then reads: "and provides for paying for said improvements." I cannot agree that an act is original, and intelligible in itself, and complete, when in plain and unambiguous language it makes provision that all the provisions of article 12, ch. 10, are made applicable and may be used to permanently improve streets, etc., in towns of over 1,000 inhabitants. What language could be used that would more clearly extend the provisions of article 12, ch. 10, to apply to towns of over 1,000 people, and bring the act within the inhibition of the Constitution, which provides:

"No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended or extended shall be re-enacted and published at length"?

It seems plain to me that the language, "all the provisions of article 12, ch. 10, are made applicable," amounts to nothing more than saying the provisions of the former act are extended by referring to the article and chapter of the act.

Section 2 of the act likewise consists of but one sentence, and provides in substance that towns of over 1,000 inhabitants may proceed under all the provisions of article 12, ch. 10, and make assessments thereunder for the purpose of paying for improvements provided in section 1, and may issue bonds as provided in said article, and in all things necessary for the improving, paving, curbing, guttering, and draining of any streets proceed under any and all the provisions of article 12. Can it be said that this portion of the act or any part thereof is original, intelligible, and complete? I cannot agree that an act which simply provides that towns of over 1,000 people may proceed under all the provisions of article 12, ch. 10, can be said to be an original act, or intelligible within itself, nor can it be said to be complete. The act, in my judgment, simply extends the provisions of article 12 to apply to towns of more than 1,000 people by referring to the article and chapter, and comes squarely within the inhibition of the Constitution.

In the cases of City of Pond Creek v. Haskell, State v. Howard, and In re Lee, supra, this court held that the acts under consideration in those cases were original, intelligible, and complete within themselves.

If we examine the act under consideration in the case of City of Pond Creek v. Haskell, we will find the same was made up of 24 sections. The act provided for the holding of special elections, for selecting permanent locations for county seats. The act designated the form of petition to be filed with the Governor, and authorized the Governor to call an election, provided that the Governor should appoint a special election commission, for assigning commissioners to each precinct, and provided for the return and canvass of the ballots. The act itself created new powers, imposed new obligations, and defined new duties, in its own language, and not by reference to other existing statutes. There could be no doubt of the correctness of the opinion under the facts in that case.

In the case of State v. Howard, supra, the court stated the act was original, intelligible, and complete within itself. The act by its own terms, without reference to any other statute, created an oil and gas department under the jurisdiction of the Corporation Commission, provided for the appointment of a chief oil and gas conservation agent under the jurisdiction of the Corporation Commission, and provided for the conservation of oil and gas, and the inspection of gasoline and oil. The act as to all those matters was original, intelligible, and complete within itself, and the powers and duties created were created by the act itself, and not by reference to a prior act.

In the case at bar, is there any language in by its own terms created a Supreme Court Commission, prescribed their qualifications, and fixed their duties. The act was original, intelligible, and complete in those matters, and not by referring to some prior statute.

In the case at bar, is there any language in the act that grants any power or confers some right, or creates some burden? If none can be found therein, it cannot be said the act is original. To the contrary, however, it provides in plain and unambiguous language that the provisions of article 12, ch. 10, are applicable and may be used for the purpose of permanently improving streets, etc. If this is not extending the provisions of article 12 to apply to towns of over 1,000 population, I cannot conceive of language that could be used that would bring the act within the inhibition of the Consti-

tution. It was stated in oral argument that the second paragraph of the act conferred power to make assessments and issue bonds. It was not contended that any other power or right was created. Let us see if the language used creates a new power, or the power is given to cities to issue bonds by referring to article 12, ch. 10. The portion of the act applicable to making assessments and issuing bonds is as follows:

"* * *may proceed under all the provisions of said article 12 of chapter 10, Rev. Laws of Oklahoma of 1910, and make assessments thereunder for the purpose of paying for the improvements provided for in section 1, of this act, and may issue bonds as provided for in said article (which is article 12) and in all things necessary for the improving, paving * * * proceed under any and all the provisions of said article 12."

In my judgment, construing this language, under all the rules of construction, the grant of power to make the assessment or issue the bonds is not created by this act as an original grant, but by reference to a former article. The plaintiffs in error, in support of the constitutionality of the act, have cited the case of Savage v. Wallace, 165 Ala. 572, 51 South. 605. The court in that case used the following language:

"The two statutes co-exist as separate and distinct legislative enactments, each having its appointed sphere of action; and the alteration, change, or repeal of the one does not operate upon or affect the other."

If we apply the principle of law to the case under consideration, what effect would the repeal of article 12, ch. 10, supra, have upon the act under consideration? There would be nothing left in the act except the title. The repeal of article 12, ch. 10, would nullify every provision of the act under consideration, not only as to the procedure, but the power that is intended to be granted or conferred.

The case of Hermitage Special School District v. Ingalls Special School District (Ark.) 202 S. W. 26, is also cited. This case, however, does not involve the constitutional provision, to wit:

"The provisions thereof extended or conferred, by reference to its title only"

—but involved only the question of an amendment to the prior act.

The Supreme Court of Arkansas in the case of State v. McKinley, 120 Ark. 165, 179 S. W. 181, in considering the identical question under a Constitution identical with ours, stated as follows:

"The purpose of the clause of the Constitution was to protect the members of the Legislature and the public against fraud and deception.

"Where the new act is not complete, but refers to a prior statute which is changed so that the legislative intent on the subject can only be ascertained by reading both statutes, uncertainty and confusion will exist, and this constitutes the vice sought to be prohibited by this clause of the Constitution. In the case before us, the act is very broad and comprehensive. It is complete in itself and in no manner attempts to amend or change the existing election laws."

An examination of the act under consideration in that case disclosed that the act was an act relating to elections in cities of the first and second class. The act itself provides the date the election should be held, who were qualified voters, to whom the return of the election should be made, who should canvass the ballots, and provided for issuance of the certificates of election. The act was original, intelligible, and complete; there could be no question regarding the same.

Let us apply the rule to the case at bar, and especially that part of the opinion which says, "Where the new act is not complete, but refers to a prior statute, which is changed so that the legislative intent on the subject can only be ascertained by reading both statutes, uncertainty and confusion will exist, and this constitutes the vice sought to be prohibited by this clause of the Constitution." If we look to article 12, ch. 10, we find 40 sections of said act, which by this act are made applicable to towns of over 1,000 people. The legislative intent regarding paving or guttering of streets in towns of over 1,000 population can only be ascertained by reading both statutes. Article 12, ch. 10, does not apply to anything but cities. The act under consideration simply refers to article 12, ch. 10, for the power and authority to pave, issue bonds, etc. In other words, nothing can be ascertained by reading the act itself to ascertain the power and authority of towns of over 1,000 population, but this must be ascertained by reading article 12, ch. 10, and as stated in the case above cited, when this is true, uncertainty and confusion will exist, and this constitutes the vice sought to be prohibited by this clause of the Constitution.

The Supreme Court of Arkansas again in the case of Rider v. State, 200 S. W. 275, had under consideration whether an amendment was within the inhibition of the Constitution, and stated as follows:

"That 'when a new right is conferred or cause of action given, the provision of the Constitution quoted requires the whole law governing the remedy to be re-enacted in order to enable the courts to effect its enforcement,' but that, if the statute 'is original in form, and by its own language grants some power, confers some right, or creates some burden or obligation, it is not in conflict with the Constitution, although it may refer to some other existing statute for the purpose of pointing out the procedure in executing the power, enforcing the right, or discharging the burden.' Watkins v. Eureka Springs, 49 Ark. 131, 4 S. W. 384; Beard v. Wilson, 52 Ark. 290, 12 S. W. 567; Common School District v. Oak Grove Special School District, 102 Ark. 411, 144 S. W. 224; State v. McKinley, 120 Ark. 165, 179 S. W. 181; Harrington v. White (Ark.) 199 S. W. 92."

If we apply the rule to the case at bar, the act is original if it is original in form and by its own language grants some power, confers some right, or creates some burden or obligation, and the majority opinion, as I read it, fails to point out what language in the act grants some power or confers some right or creates some burden or obligation. In the oral argument it was not contended it created any power by its own language except to issue bonds. By applying the rule above, the act is unconstitutional without a doubt.

If we look to article 12, ch. 10, we will find the first section of the article, being section 608, Rev. Laws 1910, reads as follows:

"The mayor and council of any city are hereby empowered to establish and change the grading of any streets, etc."

If this section had been amended to read, "The mayor or city council of any city, or incorporated town of over 1,000 inhabitants, are hereby empowered to establish," etc., the same result would have been reached as enacting the act under consideration. This, in my judgment, is conclusive that the purpose of the act was to extend the former act to apply to towns of over 1,000 people. It was contended that the town had no power or authority to lay out streets, or to improve the same, but in this I cannot agree. Section 680, Rev. Laws 1910, defines the duties of the board of trustees of towns other than cities of the first class, and in the eighth subdivision of said section authorizes the trustees to lay out, grade, and otherwise improve streets, alleys, sewers, sidewalks, and

crossings and to keep the same in repair. Section 698 provides for the assessing of taxes for the grading, paving, and improving of streets. Section 699 relates to special taxes and when the same are due. Section 700 provides that the costs and expenses of grading, filling, paving, macadamizing, or otherwise improving streets may be by special taxes.

The only new power, if any, that was granted to towns of 1,000 population was the right to issue bonds to pay for said pavement. Is this power granted by the language in the act, or simply by reference to the former statutes? The portion of the new act applicable is as follows:

"* * * may proceed under all the provisions of said article 12 of chapter 10 of the Revised Laws of Oklahoma, 1910, and make assessments thereunder for the purpose of paying for the improvements provided for in section 1 of this act and may issue bonds as provided for in said article * * * proceed under any and all the provisions of said article 12."

The language appears to me to be clear and unambiguous, that the power is granted by reference to the former statute, and this is in violation of the Constitution.

The only case identical with the case at bar is the case of Bay Shell Road Co. v. O'Donnell, 87 Ala. 376, 6 South. 119, and the plaintiffs in error confessed that that case is against their contention. A reading of that case conclusively settles the controversy in this case.

For the reasons stated, I dissent.