## POINTER et al v. TOWN OF CHELSEA et al.

No. 16888.　　Opinion Filed Jan. 4, 1927.

Rehearing Denied July 5, 1927.

1. **Statutes— General and Local Laws— Act Applying to Towns of Over 1,000 Population a General Law.**

An act of the Legislature which provides for the construction of improvements in towns having a population of more than one thousand is a general, and not a special or local law, and is not in contravention of section 46, article 5, of the Constitution of this state.

2. **Municipal Corporations — Public Improvements—Power of Town to Make Special Contract With Engineer to Prepare Plans.**

Where a town has not created the office of civil engineer, and there is no engineer regularly employed by the town, the mayor and board of trustees may enter into a contract of employment with any competent engineer to prepare plans and specifications, and furnish an estimate of the cost of improvements contemplated by the town.

3. **Same — Special Assessments Against Fractional Lots.**

Under section 4591, C. S. 1921, special assessments may be made against fractional parts of lots included in an improvement district.

4. **Same—Validity of Proceedings—Final Cost Exceeding Contract Price as Mere Irregularity.**

The fact that the final cost of improvements made exceeds the estimate and the

contract price does not make void the entire proceedings, but merely constitutes an irregularity which cannot be attacked after the expiration of 60 days, as provided by section 4619, C. S. 1921.

**5. Same—Various Irregularities not Jurisdictional—Limitation of Actions.**

The employment of an engineer by contract to furnish plans, specifications. and estimates of cost of improvements, the manner of making special assessments against the property in an improvement district, the filing of partial reports by the contractor before the entire work of construction is completed, and the fact that the total cost of construction as shown by the contractor's report, approved by the mayor and board of trustees, exceeds the estimate and contract price, are all merely irregularities, and not jurisdictional matters, and cannot be raised after the expiration of 60 days, as provided by section 644, R. L. 1910, section 4619, C. S. 1921.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by W. P. Pointer et al. against the Town of Chelsea et al. From the judgment, the plaintiffs appeal. Affirmed.

Crump & Stawell, for plaintiffs in error.

Banks, O'Brien & McVey and Holtzendorff & Holtzendorff, for defendants in error.

Opinion by JONES, C. This is an appeal from a judgment of the district court of Rogers county dismissing the petition of the plaintiffs in error, and denying an injunction prayed for to restrain the levy and collection of special tax assessments for the improvement of certain portions of the streets and intersections thereof of the town of Chelsea, defendant in error.

The facts, as disclosed by the record, show that the town of Chelsea is an incorporated town having a population of more than 1,000 inhabitants, and the plaintiffs in error are the owners of lots in said town which have been assessed with the cost of making said improvements, which was the result of the properly constituted authorities of the town of Chelsea, having made and entered into a contract with a construction company, whereby the streets and intersections thereof were paved. The plaintiffs in error are the owners of said abutting property on said paved streets.

The case was submitted to the court on an agreed statement of facts, upon which the court rendered judgment in favor of the defendants and against the plaintiffs denying the relief sought, from which judgment of the court this appeal is prosecuted. Various errors are assigned, but the only questions necessary for the court to determine are: First, the constitutionality of the law under which defendant in error, town of Chelsea, operated in making the improvements, and, second, the validity and sufficiency of its acts in providing for the improvements and entering into the contract with the construction company.

Appellants contend that chapter 176, S. L. 1919, is unconstitutional and in violation of section 57, art. 5, of the Constitution, which provides that:

"* * * No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length. * * *"

Appellants admit that this particular question has been heretofore determined by this court (Town of Haskell et al. v. Edmonds et al., 90 Okla. 44 215 Pac. 629), but contend that the reasoning of the opinion is not sound. and that same should be overruled. This contention is based upon the theory and because chapter 176, S. L. 1919, under which the town of Chelsea, defendant in error, was operating does not re-enact and publish at length the law relied upon, which authorizes towns, such as the town of Chelsea, to make such improvements as were made in this instance, and also provides the procedure to be followed in making such improvements. From an examination of the act of the Legislature it will be seen that it merely adopts the provisions of article 12, ch. 10, R. L. 1910, and makes them applicable to incorporated towns having a population of more than 1,000, whereas originally the law was only applicable to cities of the first class. This court heretofore held in the case of Town of Haskell et al., supra, that the act of the Legislature of 1919 was constitutional and valid, and we think the opinion is sound. The act does not revive amend, extend, or confer, but leaves the original law unchanged; we take it to be an adoption of the law, and an application of the law without any change to a different class of towns from that to which the law formerly applied. The opinion of this court in the case of the Town of Haskell et al. v. Edmonds et al., supra, has been followed a number of times and no reason is advanced which is sufficient

to justify this court in disturbing its former opinions.

Appellants also contend that chapter 176, S. L. 1919, is a special or local law and in violation of article 5, secs. 46 and 59, of the Constitution. Section 46, referred to, prohibits the Legislature from enacting certain laws except as provided for by the Constitution, and section 59 provides that where a general law can be made applicable no special law shall be enacted, etc., but we find no merit in this contention. It is evident that chapter 176 is a general law in its application, and was not passed for the purpose of meeting the conditions existing in any particular town or locality, but is general in its application to all towns throughout the state having a population of more than 1,000 inhabitants.

This court, in the case of Burks v. Walker, 25 Okla. 353, 109 Pac. 544 held that it was

"not necessary that it shall operate upon every person and every locality in the state. A law may be general and have a local application or apply to a designated class if it operates equally upon all subjects within the class for which it was adopted. To determine whether or not a statute is general or special, courts will look to the statute to ascertain whether it will operate uniformly upon all the persons and parts of the state that are brought within the relation and circumstances provided by it. * * * And the operation is uniform if it affects alike all persons in like situation. * * * The classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject-matter calling for the legislation. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded, and that furnish a practical and real basis for discrimination."

A discussion of a kindred matter may be found in the cases of Parker-Washington Co. v. City of Kansas City, 73 Kan. 722; Buchanan v. State (Okla. Cr.) 236 Pac. 903; Chickasha Cotton Oil Co. v. Lamb, 28 Okla. 275, 114 Pac. 333.

The second proposition urged by appellants is that the entire proceedings under which the improvements are made are void because the town of Chelsea had never created the office of city engineer by ordinance or otherwise, and that the employment of Archer and Stevens, who seem to be residents of Kansas City, was unauthorized and vitiates the entire proceeding. It seems from the record that Archer and Stevens were civil engineers, and that Mr. Archer of the firm made the survey and furnished the plans and specifications, and an estimate of the cost of the improvements to be made, under a contract of employment with the duly constituted authorities of the town of Chelsea.

We find no provision in our statute which requires towns, such as the town of Chelsea, to create the office of city engineer, and our attention is called to no authority requiring the same, and we think, in the absence of fraud or collusion, the employment of a city engineer by the authorities of the town of Chelsea to serve them in the capacity of engineer was permissible, and in no event could such proceedings be regarded as jurisdictional and of such nature as to render the entire proceeding null and void; it could constitute nothing more than an irregularity, if anything, and could not be taken advantage of in a proceeding of this character.

Section 644, R. L. 1910, places a limitation upon the institution of suits based on mere irregularities, and provides that same shall be brought within 60 days after the passage of the ordinance making the final assessment. Some complaint is made as to the manner of compensating the engineer, but we think this contention has been settled adversely to appellants' contention by this court in the case of Arnold et al. v. City of Tulsa et al., 38 Okla. 129, 132 Pac. 669, and in the City of Tulsa et al. v. Weston et al., 102 Okla. 222, 229 Pac. 109, when this court held:

"A reasonable charge for engineering, which includes making plans and specifications, surveying, inspecting the materials going into the pavement, superintending the construction, etc.; constitutes a proper item to be included in computing and assessing the whole cost of the improvements, even though the engineer is employed by the city at a salary, and the amount is to be paid into the city treasury, under the ordinance. The city having the right to reimburse itself for all expenses it may incur, five per cent. fixed by ordinance for such service being found fair and reasonable, and there being no finding that this amount would more than reasonably cover the cost of such work to the city in the instant district, the intention to include such amount in the assessment does not warrant an injunction."

Appellants also complain of the fact that the improvement made in this case was the result of several separate and distinct contracts, and the record discloses that the contractors did make several reports showing the completion of certain work, and we assume that this conduct on the part of the

contractors furnishes the basis for the contention made. Appellants also call attention to the fact that in designating the particular property against which the assessments were made, they were made against fractional parts of certain lots. Section 616, R. L. 1910 (being section 4591, C. S. 1921) provides:

"Any number of streets, avenues, lanes, alleys or other public places, or parts thereof, to be so improved may be included in one resolution; but such protest or objection shall be made separately as to each street or other highway."

And section 644, Id. (4619, C. S. 1921), heretofore referred to, is as follows:

"No suit shall be sustained to set aside any such assessment, or to enjoin the mayor and council from making any such improvement, the levying or collecting any such assessment or installment thereof, or interest or penalty thereon, or issuing such bonds, or providing for their payment, as herein authorized, or contesting the validity thereof on any ground, or for any reason other than for the failure of the city council to adopt and publish the preliminary resolutions provided for in cases requiring such resolution and its publication, and to give the notice of the hearing on the return of the appraisers, unless such suit shall be commenced not more than sixty days after the passage of the ordinance making such final assessment."

We think that under section 616 the assessment against fractional parts of lots is clearly authorized, and the filing by the contractor of several distinct and separate reports showing the completion of certain work, if not specifically authorized by law, would amount to nothing more than an irregularity and could not be successfully raised by appellants at this time because of the provisions of section 644.

Appellants further contend that they are entitled to the relief sought in this case because the final cost of the entire improvements made exceeded the estimate furnished by the engineer. The estimate made upon which the contract was based was $142,537.55; the final report of the contractors submitted to and approved by the council exceeded $150,000. This discrepancy seems to have been brought about by certain additional work that was done which was agreeable to and in accord with the wishes of the council and the engineer in charge, and an item of $4,000 which was caused by an increase in freight rates on material used,

which item was duly authorized under the terms of the contract. No fraud of any character was alleged or proven, and under the terms of the contract under which the improvements were made, we cannot see how the appellants could be affected or injured in any wise by reason of the fact that the cost of improvements in the aggregate exceeded the estimate. The cost price of the contract was not based upon the improvement as a whole or in its entirety, but after setting forth the specifications under which the pavement, guttering, etc., were to be constructed, provides that the cost should be $4.25 per square yard, and that the cost of excavation of earth should be $1.34 per cubic yard, and the cost of each and every item or element that enters into the construction of the pavement is based on the square yard, cubic yard, lineal foot, and the diameter of tile to be used, etc., hence under the terms of this contract it was merely a matter of mathematical computation to determine the cost of the improvement and to determine the cost against each of the abutting landowners. The matter complained of constitutes an irregularity and is not jurisdictional, and under section 644, supra, cannot be raised at this time.

Appellants also complain of the fact that certain railroad property which lies within the improved district was taken into consideration in adjusting the assessment to be made against each tract or piece of property, but our attention is called to no reason why this fact injuriously affects the rights of the appellants; while the record does not clearly disclose it, we think it fair to assume that the railroad property was assessed on the same basis, and in the same manner as the other property was assessed, and the railroad company is making no complaint, and in any event this would be a mere irregularity, and not a jurisdictional question, and could only be regarded as an irregularity, under section 644, supra, and appellants cannot be heard to complain in this proceeding of such an irregularity.

Finding no error in the proceedings complained of, the judgment of the trial court should be, and the same is, hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc. pp. 987, 1003, 1005.   (2) 28 Cyc. 987.   (3) 28 Cyc. p. 1150.   (4) 28 Cyc pp. 1155, 1188.   (5) 28 Cyc. pp. 1155. 1131, 1188.