## MISSOURI, K. & T. RY. CO. v. PRINCE, Co. Treas.

No. 18039. Opinion Filed Oct. 23, 1928.

M. D. Green. John E. M. Taylor, and Eric Haase, for plaintiff in error

Roscoe Cox, Co. Atty., and Erwin & Erwin, for defendant in error.

DIFFENDAFFER, C. Plaintiff in error,

hereinafter referred to as plaintiff, brought this action against defendant in error, hereinafter referred to as defendant, to recover certain taxes for the year 1926, paid by plaintiff under protest.

The amended petition, upon which the cause was tried, contains 19 causes of action. The first cause of action attacks the validity of a levy of 1.5 mills made in said county for the fiscal year beginning July 1, 1925, for the county highway fund. The claim of plaintiff is that, as a levy of 4 mills was made for the benefit of the general fund of the county, and 1.5 mills for the county highway fund, the county highway fund levy was excessive and illegal. The second to sixth causes of action involve certain town and township levies, in which the judgment of the trial court is not questioned. The seventh to the eighteenth causes, inclusive, involve the validity of certain school district taxes, and the nineteenth cause of action involves a sinking fund levy in school district, the judgment upon which is not questioned. The action is to recover the alleged excess represented by the first one-half thereof paid by plaintiff under protest.

The case was tried to the court without a jury, and judgment was rendered for defendant on its first cause of action, and for defendant on a number of the causes of action involving school district taxes, and for plaintiff for a part only of the amount sued for in other causes involving school district taxes, from which judgment plaintiff appeals.

It is agreed that the levy of 1.5 mills levied for county highway purposes was in excess of 4 mills, and was not authorized by an election. The only grounds upon which this levy was alleged in the petition to be illegal was, that said levy of 1.5 mills was in excess of the 4 mills authorized by law to be levied for county general fund current expense purposes, without a vote of the people, and that same was not authorized by an election or vote of the people.

Plaintiff concedes that Franklin v. Ryan, 125 Okla. 161, 256 Pac. 932, followed in Alford v. Bonaparte, 125 Okla. 164, 256 Pac. 935, and St. L.—S. F. Ry. Co. v. Bailey, 125 Okla. 183, 257 Pac. 784, uphold the validity of the tax, but contends that chapter 48, Sess. Laws 1923-24, does not amend section 10202, C. O. S. 1921, so as to authorize a levy for county highway purposes in addition to and in excess of the maximum levy allowed by law for current expenses, but that section 10202 is still the law and limits

the purpose of the additional levy authorized thereby to the construction and maintenance of state highways only. In Franklin v. Ryan, supra, this court said:

"Chapter 48, Session Laws 1923-24, amends section 10202, C. O. S. 1921, and authorizes the county excise boards of the state to levy an additional tax for the county highway fund, which tax, together with the maximum amount allowed counties for current expenses under section 9692, C. O. S. 1921, may not exceed eight mills."

Plaintiff, at the oral argument and in its reply brief filed since the oral argument, for the first time assails the constitutionality of chapter 48, Session Laws 1923-24, and contends that said chapter, in so far as it amends section 10202, C. O. S. 1921, is unconstitutional, for the reason that it attempts to amend or extend provisions of prior existing laws, but does not enact and publish same at length; that it attempts to authorize an additional tax levy, but such purpose is not expressed in the title; that it does not specify distinctly the purpose for which such tax is levied, and that it purports and undertakes to divert and devote taxes levied and collected for one purpose to another purpose.

Defendant in error, in response, insists that plaintiff may not in this court for the first time raise this question of the constitutionality of chapter 48, Session Laws 1923-24, and thus raise a question that was not raised in the trial court, and which the trial court had no opportunity to pass upon. In this, we think, the position of defendant must be sustained. It has been the uniform holding of this court that such questions cannot be raised for the first time upon appeal.

In Duffy v. Scientific American Compiling Department, 30 Okla. 742, 120 Pac. 1088, this court held:

"Where a defendant relies upon a certain defense in the trial court, he will not be permitted to shift his ground of defense on appeal, so as to present another defense, not presented nor relied upon in the trial court."

In Fast v. Gilbert, 102 Okla. 245, 229 Pac. 275, wherein the constitutionality of an act of the Legislature was attacked for the first time on appeal, as here, this court said:

"The issue of the constitutionality of this act cannot be raised for the first time in the briefs of the parties where no proper pleadings to test this question were filed in the trial court, and the parties voluntarily proceeded to trial in the forum provided without objection. Parties will not be permitted to interject new issues in this court which

were not raised nor argued in the trial court."

To permit this question to be raised for the first time on appeal would be unfair to defendant in error and to the trial court, and would be a violation of a well-established rule of law followed by this court since statehood.

It is contended by plaintiff that of the levy made for general fund for the fiscal year ending June 30, 1926, in school district No. 17, Lincoln county, four mills thereof levying a tax on plaintiff's property in that school district, amounting to $425.16, was excessive, illegal and void, the first-one-half of which, amounting to $212.58, plaintiff in its seventh cause of action sues to recover. The total levy was 9 mills.

It is contended that no levy above the 5 mills provided by law, without majority vote of the qualified electors of the district, was authorized by such vote. The basis of plaintiff's claim is that, in the agreed statement of facts, there appears the following resolution:

"Be it resolved, by the legal voters of school district No. 17, Lincoln county, Okla., assembled this last Tuesday in March, the 31st, 1925, in the annual school meeting of said district, that because of the following essential information being to us unknown at this time:

"1. The cost to the district for the transfer of pupils to other district, if there be any transfers allowed.

"2. The total amount of the assessment of personal property, public service corporations, and other assessments and all other taxable property of the district.

"3. The total amount of money that will be received from state and county apportionments during the ensuing school year.

"Therefore, we, the legal voters of said district, for above reasons, herewith authorize the school board to certify to the county excise board an excess levy over the five mills allowed by law, any number of mills not exceeding ten, which will be needed to raise the necessary funds for maintaining school for the ensuing school year.

"This resolution offered and adopted this 31st day of March, 1925, and the vote as to the excess levy was: Ayes, 15; nays, 0.

"Ralph Barnard,
"Director or Chairman of Meeting.
"Joseph Hart, Clerk."

It appears, that a resolution in like form was sent by the county superintendent to all the school districts involved in this action with the request that it be adopted. The resolution is signed by the director or chairman of meeting and the clerk.

If this were the only showing made of authority for the excess levy, the levy complained of might be controlled by Prince, Co. Treas., v. St. L. & S. F. Ry. Co., 110 Okla. 141, 237 Pac. 106, and plaintiff's contention could be upheld. Such, however, is not the case. By the agreed statement of facts, it appears that the statement of estimated needs for current expenses for the fiscal year was filed with the county excise board on the 15th day of July, 1925; that the certificate attached thereto, among other things, contained the following:

"And that an increased levy of 3 mills over and above the regular 5 mills authorized to be levied for school purposes, was voted by a majority of the taxpaying voters of said district voting at an election held during the said annual meeting; that the vote as to the said increased levy was; ayes, 15; nays, 0; majority for the levy, 15."

The report of the election of district officers required by law to be made to the county superintendent, among other things, contained the following: "Additional mills voted 5."

The report of the annual meeting made to the county superintendent, and copy of the minutes of the annual meeting held on March 31, 1925, contain the following:

"An excess levy of 5 mills was voted. Votes for, 15; against, O. Number attending the meeting, 22."

It is clear, then, from the record, that an excess levy was voted. However, the number of mills voted is not so definitely shown.

The certificate filed with the excise board showed an excess levy authorized of 3 mills. The minutes and reports of the annual meeting show 5 mills. The levy made by the excise board followed neither, but made an excess levy above the 5 mills authorized to be made, without a vote, of 4 mills. It is certain that an error was made, either in the minutes of the meeting and reports, or in the certificate made to the excise board, as both could not be right. The trial court held that the certificate should govern and that the excess authorized was 3 mills, and that the levy actually made was one mill in excess of the vote authorized, and entered judgment for plaintiff accordingly. In this we think the trial court was correct.

It is contended by plaintiff that no excess levy whatever was lawfully authorized, and that judgment for plaintiff should have been

for one-half of the 4 mills excess levy made.

Section 9708, C. O. S. 1921, provides:

"Section 7381, Revised Laws of Oklahoma, 1910, is hereby amended (by adding section 7381 a) to read as follows:

" '7381a. Provided, further, that the school electors of any school district shall vote at the annual meeting (or election) as to whether an excess levy shall be levied for the next ensuing year and the amount of such excess levy. If said excess levy shall receive a majority vote of those voting at said annual meeting (or election), then it shall be the duty of the school district board, when making the estimate for the next ensuing fiscal year, to attach to said estimate a certificate of the vote had at the annual meeting (or election) on the question of making such 'excess levy for the next ensuing fiscal year, and if said excess levy carried then the county excise board, if an excess levy is required for the 'ensuing fiscal year to create a fund equal to the amount of' the approved estimate, shall levy said additional levy not to exceed the amount voted by the people at the annual meeting (or election), or so much of the amount of the estimate approved by the county excise board.' "

Section 9708 was, in substance, complied with, but plaintiff contends that this section is unconstitutional and void as being in violation of section 57, art. 5, of the Constitution of Oklahoma. The position of plaintiff is that section 9708, supra, being an amendment of section 7381, Revised Laws 1910, now section 9707, C. O. S. 1921, is in conflict with that part of section 57, art. 5 of the Constitution, which provides:

"Sec. 57. * * * And no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length."

The rule in this state is settled that:

"A court will never declare an act of legislation passed with all the forms and solemnities requisite to give it the force of law, unconstitutional and void, unless the nullity and invalidity of the act are placed in its judgment, beyond a reasonable doubt." City of Pond Creek v. Haskell, 21 Okla. 711, 97 Pac. 338; Town of Haskell v. Edmond, 80 Okla. 44, 215 Pac. 629.

In 36 Cyc. 1064, the rule applying to such statutes is stated as follows:

"* * * And simply because a statute, which adds to or is properly described as supplement to another act, by construction is incidentally amendatory thereof, it does not violate the clause of the Constitution, particularly where each act is complete as to its purpose; nor is it invalidated by a reference to the act as to which it is supplementary."

The rule is well supported by authorities cited and particularly in Berry v. K. C., etc., Ry. Co., 52 Kan. 759, 34 Pac. 805. See, also, People v. Shultz (Ill.) 131 N. E. 279; People v. Moyer (Ill.) 131 N. E. 280; People v. Exton (Ill.) 131 N. E. 275; and People v. Sleight (Ill.) 137 N. E. 829. In Berry v. K. C., etc., R. Co., supra, the question involved was the constitutionality of section 422a of the Civil Code of Kansas, being section 1 of chap. 131, Session Laws of 1889. Section 422 of the Code was in force as a part of chapter 80 of the Laws of 1868, and is:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed $10,000, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Section 422a was enacted in 1889, and is:

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 422 of chapter 80, Laws of 1868, is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section 422 may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

The latter section was enacted without re-enacting section 422, and it was contended that section 422a was unconstitutional as being an attempted amendment of section 422, in violation of section 16, art. 2 of the Constitution of Kansas, which provides:

"No law shall be revived or amended unless the new act contains the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed."

The action was brought by Helen A. Berry for damages for the wrongful death of her husband. The suit was brought in her own name as widow, no personal representative having been appointed. Section 422 provided that the action could only be maintained by the personal representative of deceased.

Section 422a provided that, in certain cases, that is, where the residence of the party whose death was or thereafter might be caused, as set forth in section 422, is or has been at the time of his death in any other state or territory, or when being a resident of the state and no personal representative is or has been appointed, the action may be brought by the widow, and where there is no widow by the next of kin of deceased. It was there held that the section was not subject to the constitutional objection urged against it, for the reason that it did not change section 422, but left it in full force as before the act of 1889 was passed; that section 422a was supplemental, and therefore not in violation of the Constitution, though it did provide that an action provided for by section 422 could in certain cases be maintained by a person other than those mentioned in section 422.

The section does not purport or attempt to change any of the provisions of section 9707, but leaves them in full force and effect. The new section provides an additional time and manner of voting or providing for the additional levy, so that two separate and independent provisions are made for such vote. Under section 9708, the additional levy may be voted at the annual school meeting, and when such levy is so voted, it then becomes the duty of the school board, when making the estimate for the ensuing year, to attach to such estimate a certificate of the vote had at the annual meeting on the question of making such excess levy, and if such levy carried, if an excess levy is required, shall levy such additional levy not in excess of the amount voted. But if no excess levy be voted at the annual meeting, if the estimate certified to the excise board shall call for an amount of money required to be raised by ad valorem tax in excess of the 5 mills, if such estimate be approved by the excise board, then a special election may be called by the excise board, and the question submitted under the provision of section 9707. Either section may be complied with independent of the other, and neither is in conflict with the other. We think section 9708, supra, not within the inhibition of section 57, art. 5 of the Constitution, and a valid enactment.

It is further contended that, though section 9708, C. O. S. 1921, be constitutional said section was repealed by the enactment of section 9696, C. O. S. 1921, a part of the Act of March 21, 1917. The claim is that section 9696 being a later enactment on the same question, and repugnant to and in conflict with section 9708, said later section is repealed by implication. The only conflict pointed out is that section 9696, supra, requires the estimate to be approved by the voters, which is not required by section 9708, and prohibits the excise board from passing on or approving the estimate, which is not done by section 9708.

If section 9708 is repealed by section 9696, for the reasons pointed out, the same would apply to section 9707, which would leave the school district without any law providing a time or manner of holding an election for the purpose of voting an excess levy. It is conceded that repeal by implication is not favored; and we are of the opinion that section 9696 does not repeal section 9708, though some of its provisions are in conflict therewith. It will be noticed that section 9696, supra, does provide that the annual rate of levy of 5 mills for school purposes may be increased by any school district by an amount not exceeding 10 mills on the dollar valuation on condition that a majority of the taxpaying voters thereof, voting thereon, shall vote for such additional levy, and by their majority vote approve an estimate to be submitted to the county excise board.

It is shown in the agreed statement of facts that the certificate attached to the estimate submitted to the excise board certifies that the statement of estimated needs for the ensuing year was duly approved by a majority of voters of said district voting at said annual meeting. The only manner in which the truthfulness of this certificate is questioned is by a stipulation in the record that the estimate approved by the voters was not in the same form in which it was when filed with the excise board. There is no contention that there was any difference in substance, and no showing that an estimate was not in fact approved by the voters. The record does disclose that no election was held after the estimate was filed with the excise board. We think that if this provision of section 9696 is binding, the record discloses a compliance therewith.

The further contention is made that section 9708, supra, was repealed by implication by section 9696, in that there is conflict between the two, in that section 9696 provides that the excise board shall have no power or authority to reduce the levy when once voted, while section 9708 provides that the excise board, if an excess levy be required, shall levy such additional levy, not

in excess of the amount voted, or so much thereof as shall be required to raise the amount of the estimate approved by the excise board. We think that part of section 9696 which attempts to prohibit the excise board from reducing the amount of levy voted, is in conflict with section 19, art. 10 of the Constitution, which provides:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

In St. Louis & S. F. Ry. Co. v. Tate, 35 Okla. 563, 130 Pac. 941, it was held that the estimate of expenses is required to be made in order to show the purpose for which the tax was levied. It was there held that any tax levied in excess of the amount shown to be necessary by the estimate was illegal as to such excess under section 19, art. 10 of the Constitution. So that it would appear that if the levy voted should be more than sufficient to produce the amount of money shown by the estimate to be necessary, it would be the duty of the excise board to make the levy no more than sufficient to produce, with other income, the amount of the estimate, regardless of the provisions of section 9696, and although the two sections may be in conflict in this particular, the provisions of section 9708 are the more reasonable, and are such as to allow the excise board in making the levy to bring the same within the Constitution, both as to the amount of the levy and the specification of the purpose for which the tax is levied, while section 9696, if followed in certain cases, might compel the excise board to make a levy which would in part be illegal. The provisions of section 9708, in this respect, are in harmony with section 19, art. 10 of the Constitution, and must prevail over section 9696, if any conflict there be.

The same questions in substance are involved in all the other causes of action involving school district taxes, except the 11th, involving the taxes in school district No. 25. There the minutes and report of the annual meeting held on March 31, 1925, showed: "Additional mills voted——." But the agreed statement of facts shows that a special meeting was held in said district upon due notice on June 30, 1925, whereat the question of additional levy was voted upon, and the certificate attached to the estimate shows an additional levy of 10 mills was voted, and

that the vote was : Ayes, 7, nays, 0. The certificate shows this vote to have been taken at the annual meeting, which is evidently an error made by failing to strike out the word "annual" and insert the word "special." The objection to the excess levy was purely technical.

There being no error in the record, the judgment of the trial court should be affirmed.

BENNETT, FOSTER, LEACH, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.