**PERRY et al. v. CARTER, State Auditor, et al.**

No. 25385.   July 16, 1935.

J. D. Chastain and M. Bristow, for plaintiffs in error.

J. Berry King, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendants in error.

McNEILL, C. J. This action involves the constitutionality of chapter 33, Okla. Session Laws 1925 (sections 611 to 615, O. S. 1931), which deals with the garnishment of moneys due from the state and municipal corporations to persons, firms, corporations, and partnerships.

Plaintiffs are employees of the state of Oklahoma and seek to restrain the State Auditor from withholding 25 per cent. of their wages and salaries which have been impounded through garnishment proceedings by virtue of the provisions of said chapter 33, supra.

The sole contention made by the plaintiffs in error is that the said chapter was enacted in violation of section 57 of article 5 of the state Constitution in that it seeks to repeal by implication the words, "excepting a municipal corporation," in section 353, C. O. S. 1921 (section 610, O. S.

1931), without mentioning said attempted repeal in the title of said act.

It is also urged that the proviso set forth in section 1 of said chapter 33, to wit:

"* * * Provided, however, that such officer or employee of said state, county or municipality shall be entitled to the exemptions as to amount of such wages, salary, fund, or compensation due thereto, as is exempt from attachment, execution or garnishment in favor of officers or employees of private individuals or corporations"

—was enacted in violation of section 57 of article 5, supra, for the reason that it is necessary to look to other statutes, viz., sections 353 and 6596, C. O. S. 1921 (sections 610 and 1645, O. S. 1931), which sections were not re-enacted in said chapter 33, in order to determine what wages are exempt under said proviso.

Section 353, C. O. S. 1921 (610, O. S. 1931), provides as follows:

"Any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person (except a municipal corporation * * *) who shall be indebted to, or have any property, real or personal, in his possession or under his control belonging to such creditor's debtor, in the cases, upon the conditions, and in the manner hereinafter described."

This section of our statute is identical, saving the word **"except,"** with section 1 of chapter 151, Laws of Kansas, 1889 (section 4283, General Statutes of Kansas 1889). The Act of Kansas, 1889, was entitled as follows:

"An act relating to proceedings in garnishment, and amendatory of sections 202, 215, 217, 218, 219 and 220 of chapter 80 of the General Statutes of 1868."

Section 1 of said act reads as follows:

"Section 1. Any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person (excepting a municipal corporation) who shall be indebted to, or have any property, real or personal, in his possession or under his control belonging to such creditor's debtor, in the cases, upon the conditions, and in the manner hereinafter described."

Section 1 of the Laws Kan. 1889, c. 151, sec. 4283, General Statutes of Kansas, 1889, has not been changed. See Revised Statutes of Kansas, 1923, 60-940. The Legislature of the state of Oklahoma enacted said section 1 as part of our Civil Code in 1893. See section 4078, Statutes of 1893 (section 4375, Statutes of 1903, 4822, Revised Laws of 1910, 610, O. S. 1931).

It is to be observed that the title to the Kansas Act of 1889 contains a reference to certain sections of the General Statutes of 1868, none of which dealt with garnishment of municipal corporations, and said title had no reference thereto. The act of Kansas excepted municipal corporations from garnishment without reference thereto in the title of said act.

By the enactment of chapter 33, supra, a radical change in the policy of the state was undertaken with respect to the garnishment of the state and municipal corporations.

The intent of the Legislature to authorize the issuance of garnishment process against the state and municipal corporations is not open to controversy. The public policy demanded that the prosecution of the business of the public should not be interrupted or inconvenienced, but this policy must yield to the positive and plain letter of the statute. 28 C. J. 57; Waterbury v. Board of Commissioners, 10 Mont. 515, 26 P. 1002.

Garnishment proceedings are remedial in character and are purely legislative. The Legislature has the sole power to include or exclude a designated class.

The act in question is not violative of any provision in section 57 of article 5 of our state Constitution.

For convenience, we quote the title and section 1 of the act:

"An act providing for garnishment in the courts of this state of money due from the state and municipal corporations in this state to persons, firms, corporations, partnerships, and repealing all acts and parts of acts in conflict herewith, and declaring an emergency.

"Be it Enacted by the People of the State of Oklahoma:

"Section 1. That it shall be lawful for any creditor of any person, firm or corporation in this state, to whom the state or any county, city, town, school board, board of education or any municipal subdivision of the state is indebted, to cause a garnishment to issue to, and to garnishee sums, wages or other sums due such creditor of the state or such municipality to the same extent and in like manner as if such creditor of the state or such municipality was a creditor of a private individual firm or corporation; provided, however, that such officer or employee of said state, county or municipality shall be entitled to the exemptions as to amount of such wages, salary, fund or compensation due thereto, as is exempt from attachment, execution or garnishment in favor of of-

ficers or employees of private individuals or corporations."

Section 57, article 5, of the Constitution provides:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length; Provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

The title to the act is clear, broad, and comprehensive. It plainly calls attention to the subject dealt with by the act. It is not essential that a title be so worded as to be a complete index of all the provisions and details of the act. If the subject of the act leads a reasonable mind to a generic head whereby the intimation of the subject-matter of the act can be reasonably gathered from reading the title as a whole, then the subject may be said to be sufficiently expressed therein, and it thereby satisfies the requirements of section 57 of article 5 of our Constitution.

See Maxwell v. Lancaster, 81 Wash. 602, 143 P. 159; Spokane Grain & Fuel Co. v. Lyttaker, 59 Wash. 76, 109 P. 319; Lancey et al. v. King County et al., 15 Wash. 9, 45 P. 645; M., K. & T. Ry. Co. v. Washington Co., 136 Okla. 196, 276 P. 769; Michaels v. Hill et al. (Ill.) 159 N. E. 278; In re Peterson's Estate (Wash.) 45 P. (2d) 45.

In the case of In re Peterson's Estate, supra, the Supreme Court of Washington, 45 P. (2d) 47, said:

"It thus appears that the title is general and comprehensive. No elaborate statement of the subject of an act is necessary to meet the requirements of the constitutional provision. A few well-chosen words, suggestive of the general subject stated, is all that is necessary. State ex rel. Seattle Electric Co. v. Superior Court, 28 Wash. 317, 68 P. 957, 92 Am. St. Rep. 831. Such a title to the act as this one should be liberally construed, and in deference to legislative discretion on the subject, acts shall not be construed as void, as violating the Constitution, unless they are so beyond any reasonable doubt."

In the case of M., K. & T. Ry. Co. v. Washington Co., 136 Okla. 191, 276 P. 769, this court said:

"It is not the meaning of the provisions of section 57 of article 5 of the Constitution that upon the passage of each new law, all prior laws, which it may modify by implication, shall be re-enacted and published at length as modified, for such a construction would result in more evil than was intended to be corrected by the provisions in the Constitution."

Chapter 33, supra, has for its plain object and common purpose in both the title and body one subject, clearly expressed, the garnishment of the state and municipal corporations.

In 59 C. J. 816, section 398, the following general rule is announced:

"An act may incorporate a provision for the repeal of an inconsistent prior statute or statutes on the same subject, although such repeal is not indicated or referred to in the title, without violating a constitutional requirement that the subject of an act be expressed in its title, since an intention to repeal all laws inconsistent with the new measure is necessarily implied, and so need not be expressed in the title. A repeal of a statute or provision on a different subject may not, however, be included in an act without being disclosed by the title."

It must not be forgotten that no amendment is being made in the case at bar by reference to any title, and that chapter 33, supra, expressly declared that all acts or parts of acts in conflict therewith are repealed; but it was not necessary that the title or the body of said act contain such a repealing provision.

It is a general rule that existing laws are superseded by the enactment of conflicting laws even though the later law is upon a nonrelated subject. Maxwell v. Lancaster (Wash.) 143 P. 157. In the case at bar the later law is upon a related subject. In brief, the Legislature did specifically exclude but later specifically included municipal corporations and also the state.

We have examined the case of Badenoch v. City of Chicago, 222 Ill. 71, 78 N. E. 31, cited by plaintiffs in error. The Supreme Court of Illinois declared the act under consideration in that case unconstitutional because the same was not complete in itself and it was necessary to resort to previous legislation upon the subject to understand and enforce the acts.

Our court has not followed the construction which the Supreme Court of Illinois has placed upon a constitutional provision substantially the same as section 57 of article 5, supra. See town of Haskell v. Edmonds, 90 Okla. 44, 215 P. 629.

In the latter case it was contended that chapter 176, S. L. 1919, was unconstitutional upon the theory that the paving procedure under the general law for cities was incorporated therein by reference and was not re-enacted at length and for that reason was violative of said section 57 of article 5. It was therein specifically held that said chapter 176 was not within said constitutional inhibition and was valid.

See, also, Edmonds et al. v. Town of Haskell et al., 121 Okla. 18, 247 P. 15; Bocox et al. v. Town of Bixby et al., 114 Okla. 269, 247 P. 20; Pointer et al. v. Town of Chelsea et al., 125 Okla. 279, 257 P. 785; M., K. & T. Ry. Co. v. Prince, Co. Treas., 133 Okla. 228, 271 P. 253.

Legislative enactments are entitled to a liberal construction and constitutional provisions should not be construed so as to place unreasonable restraint upon legislative power. Doubtful constructions of an act of the Legislature are to be resolved in favor of the law. Narrow distinctions cannot be considered, and the courts will not declare a legislative act void except in case of clear conflict with the Constitution. Edmonds v. Town of Haskell, supra.

Plaintiffs in error also cite the case of Gilmer v. Hunt, 167 Okla. 175, 29 P. (2d) 59. In that case chapter 188, S. L. 1915, section 6596, C. O. S. 1921, section 1645, O. S. 1931, was considered. The title to that act provided:

"An act amending the sixteenth clause of sec. 3342, and the fifth clause of sec. 3345, of the Revised Laws of Oklahoma, 1910, annotated, pertaining to exempt wages."

Section 1 of said act provided:

"* * * Provided, however, that no process issued in any court to subject such wages or earnings for personal services to satisfy any judgment or obligation, shall ever include more than 25 per cent. of such wages, or personal earnings, and any person, firm, association or corporation, either personally or by agent or attorney violating any provision of this act shall forfeit the entire debt, judgment or obligation sought to be satisfied, and no court in the state of Oklahoma shall ever have jurisdiction to enforce collection of any such claim, judg-

ment or obligation in any case in which the provisions of this act have been violated."

This court held in that case that the title to the act did not disclose that there was a provision in the body of the act relating to garnishment or providing for a forfeiture of a debt. In the instant case, however, the title of the act discloses that the act is one relating to garnishment of wages due from the state and municipal corporations, and the body of the act in effect specifically provides that certain provisions of the general garnishment statutes shall be extended to apply in the garnishment of such money. This was not effectuated by reference to the title of such general garnishment statutes, but by the body of the new act. We do not consider the case of Gilmer v. Hunt applicable to this case.

It appears to be the general rule that statutes authorizing garnishment of the salary or wages of public officials, or employees, other than those holding constitutional offices, are within the valid exercise of legislative power. See annotation 22 A. L. R. 760.

We conclude that, under the provision of said chapter 33, supra, the salaries or wages of plaintiffs in error are subject to garnishment.

Judgment affirmed.

OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS and WELCH, JJ., absent.