HAZEL-ATLAS GLASS CO. et al.
v. WALKER et al.

No. 31750. May 29, 1945.

*159 Pd 2d 268.*

Clayton B. Pierce and Harold Elbert, both of Oklahoma City, for petitioners.

Kerr, Catlett, Lambert & Conn, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

BAYLESS, J. This is an original proceeding in this court brought by Hazel-Atlas Glass Company and its insurance carrier, hereinafter referred to as petitioners, to obtain a review of an order of revivor and an award which was made by trial commissioner of the State Industrial Commission in favor of Kathryn Walker, the widow, and the minor children, including an unborn child of said Kathryn Walker and T. B. (Jack) Walker, deceased.

The facts are not in dispute. On December 5, 1942, T. B. (Jack) Walker sustained a compensable injury which resulted in a total loss of use of his right hand. Petitioner furnished medical attention and made voluntary payments of compensation for a period of some months, and thereafter the State Industrial Commission made an order directing a continuance of such temporary compensation. In compliance with this order the petitioners paid further temporary total compensation until September 8, 1943, and filed a motion to suspend further payments and to have the commission make an award for the permanent partial disability which the said T. B. (Jack) Walker had sustained and which petitioners alleged consisted of the loss of use of his right hand and for which they desired to make payment. While the matter was still pending before the commission the said T. B. (Jack) Walker departed this life as the result of a ruptured appendix. Thereupon Kathryn Walker, the widow, on behalf of herself and the minor children, including an unborn child of herself and the deceased T. B. (Jack) Walker, filed a motion to revive the proceeding and to obtain an award of the compensation to which the said T. B. (Jack) Walker was entitled. Petitioners objected to the revivor and to the taking of any evidence in connection therewith on the ground that the State Industrial Commission was without jurisdiction to entertain the proceeding or to make the award and that the statutory provision, 85 O.S. 1941 § 41, which purported to authorize the commission to entertain such proceeding was un-

constitutional in that it contravened the provisions of section 7, art. 23, of the Constitution.

The sole issue presented for determination is the constitutionality of the statute cited, supra. Petitioners contend that the Legislature was without authority to enact the provision of 85 O.S. 1941 § 41 which provides:

"An award for disability may be made after the death of the injured employee, when death results from causes other than the injury,"

—for the reason that section 7, art. 23, of the Constitution provides:

"The right of action to recover damages for injuries resulting in death shall never be abrogated and the amount recoverable shall not be subject to any statutory limitation."

Petitioners argue that since the State Industrial Commission is an administrative tribunal and not possessed of judicial power, therefore it is without authority to determine the cause of death in any case and that such determination must be had in duly constituted courts of law. In support of the contention so made our attention is directed to Adams v. Iten Biscuit Co., 63 Okla. 52, 162 P. 938; Lahoma Oil Co. v. State Industrial Commission, 71 Okla. 160, 175 P. 836, and to a number of decisions where the State Industrial Commission has been held to be an administrative board of limited jurisdiction. None of the decisions cited are in point upon the issue presented for determination, that is, whether or not the statute, supra, is a constitutional exercise of power by the Legislature. It is well settled that an act of the Legislature will not be declared invalid and void unless it is clearly, palpably, and plainly inconsistent with the terms of the Constitution. See Perry v. Carter, 173 Okla. 267, 48 P. 2d 278; Protest of Downing et al., 164 Okla. 181, 23 P. 2d 173. The statutory provision here under consideration has been considered in several recent decisions by this court. In Oklahoma Furniture Mfg. Co. v.

Douglas, 193 Okla. 498, 145 P. 2d 180, it was said:

"The statutory provision, supra, permitting revivor 'when death results from causes other than the injury,' was inserted in the Workmen's Compensation Law for the purpose of saving it from any objections that might arise under section 7, article 23, of the Constitution, which prohibits the abrogation of the right of action to recover damages for injuries resulting in death, or limiting in any manner the recovery thereon. And such was the purpose of another section of the act, 85 O.S. 1941 § 121, which provides as follows: 'It is not intended that any of the provisions of this act shall apply in cases of accidents resulting in death and no right of action for recovery of damages for injuries resulting in death is intended to be denied or affected'."

And in Weatherman v. Victor Gasoline Co., 191 Okla. 423, 130 P. 2d 527, it was said:

"Our Workmen's Compensation Act does not comprehend death benefits, thus the recovery under the act necessarily excludes that contingency or the possibility thereof as an element of compensation. The act is thus drafted and applied as a result of section 7 of art. 23 of our State Constitution, which reads:

" 'The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation.'

"See Lahoma Oil Co. v. State Industrial Commission of Oklahoma, 71 Okla. 160, 175 P. 836. This section of the Constitution comprehends the right of action existing under section 1053, supra. Brookshire v. Burkhart, 141 Okla. 1, 283 P. 571. Our Compensation Act is mandatory instead of optional in its operation, and since our Constitution excludes the possibility of death benefits under the act and also comprehends and protects rights arising under the statutory action here involved, it necessarily follows that recovery under the act cannot operate to abrogate the constitutional provision. This view rests upon the Constitution. The fact that accrued benefits under the law may be collected, or in some instances awarded,

after the death of an injured workman by virtue of 85 O.S. 1941 § 41 (enacted by the Legislature in 1933) does not militate against our conclusion.

"The Legislature has not by the last-mentioned statutory provision undertaken to abolish the cause of action for death from injury nor limit the liability therefor contrary to the constitutional provision above quoted. It merely provided a method whereby the compensation due a deceased by virtue of an injury sustained during his lifetime, exclusive of damages for death, may be collected after his death by those entitled thereto as designated by statute. (Sec. 7, art. 23, supra.)"

In the case at bar the petitioners do not contend that the employee did not die from causes other than his injury and wholly independent thereof nor do they contend that any action for wrongful death could be successfully instituted or prosecuted by the respondent, but merely urge that there exists a possibility that such an action might be instituted sometime in the future. If such were a fact, what we have said in Weatherman v. Victor Gasoline Co., supra, disposes of the contention. We are inclined, however, to the view that such contention is more fanciful than real and has no place in the case at bar. As pointed out in Oklahoma Furniture Mfg. Co. v. Douglas, supra, it is only where an employee dies as a proximate result of an accidental injury that the State Industrial Commission is deprived of jurisdiction to make an award in favor of his dependents after death of the employee.

Our recent opinion in Schmidt v. Moncrief, 194 Okla. 377, 151 P. 2d 920, deals with this act and explains the power of the State Industrial Commission with respect to the various issues that can arise under section 41, supra, and expressly holds that the powers therein conferred on that body with respect to reviving final awards in favor of the beneficiaries named therein after death of the claimant and to making awards after the death of the claimant were not in violation of our Constitution.

Under the record before us no error of law has been made to appear.

The order appealed from its sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.