**BRYANT–HAYWARD DRILLING COMPA-
NY and Employers' Liability Assurance
Corporation, Petitioners,**

v.

**James M. GREEN, by Charline Green in be-
half of the Legal Heirs, and the State
Industrial Court, Respondents.**

**No. 39432.**

Supreme Court of Oklahoma.

May 31, 1961.

George W. Fisher, Oklahoma City, for petitioners.

Fred M. Hammer, Carl E. Moslander, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

On the 17th day of July, 1959, James M. Green, hereinafter called employee, filed his first notice of injury and claim for compensation stating that on July 11, 1959, he sustained an accidental injury arising out of and in the course of his employment with Bryant-Hayward Drilling Company. On August 3, 1959, employee died as a result of the accidental injury. On May

24, 1960, the widow and children of employee were awarded $13,500 under the Death Benefit Provision of the Workmen's Compensation Act.

An application to revive the claim for disability compensation and medical expenses was filed. On September 30, 1960, the State Industrial Court found that decedent was totally disabled from the date of the injury until his death and revived the cause in the name of the legal heirs of the deceased for their use and benefit and entered an award for three weeks temporary total disability and ordered the employer or its insurance carrier to pay the necessary and reasonable medical expenses incidental to the accidental injury.

This proceeding is brought by the employer and its insurance carrier, Employer's Liability Assurance Company, to review the order entered on September 30, 1960.

The only issue presented is whether or not the State Industrial Court had the power and authority to revive the action and enter the order in favor of the legal heirs where the employee had died as a result of the accidental injury and no award had been entered prior to his death.

In Oklahoma Furniture Mfg. Co. v. Douglas, 193 Okl. 498, 145 P.2d 180, we held that where an employee dies as a proximate result of an accidental personal injury, the State Industrial Court is thereupon deprived of jurisdiction to make any award in favor of his dependents. In Hazel-Atlas Glass Co. v. Walker, 195 Okl. 470, 159 P.2d 268, we held that it is only where an employee dies as the result of his injury that the State Industrial Court is deprived of jurisdiction to make an award in favor of his dependents.

The above cases were considered by this Court prior to the adoption of the Constitutional Amendment in 1949, amending Article 23, Sec. 7, of the Oklahoma Constitution and the enactment of the Death Benefit Act by the Legislature in 1951. Respondent concedes that the heirs in the instant action would not be entitled to an award under the laws existing prior to the enactment of the Death Benefit Act but contends that the 1951 Death Benefit Act changed the law so as to vest the State Industrial Court with jurisdiction in cases where the injury results in death.

The right to an award under the Workmen's Compensation Act is purely legislative and the State Industrial Court is a tribunal of limited jurisdiction. Pine v. Davis, 193 Okl. 517, 145 P.2d 378. The State Industrial Court is an administrative body exercising quasi judicial powers, and its jurisdiction is limited to those matters which are expressly or by necessary implication delegated to it by proper legislative enactment. Union Indemnity Co. v. Saling, 166 Okl. 133, 26 P.2d 217.

Title 85 O.S.1951 § 48, provides, " * * * Compensation and benefits shall be paid only to employees; provided, however, *that an award made to a claimant * * * shall, in case of death of claimant, due to a cause other than the injury for which he has been awarded compensation, be payable to and for the benefit of the persons following: * * * *"* Title 85 O.S.1951 § 41, provides, inter alia, that "an award for disability may be made after the death of the injured employee, *when death results from causes other than the injury."*

It is apparent that Sec. 48, supra, relates only to awards which have been made in favor of a claimant during his lifetime and that portion of Sec. 41, supra, above set forth, relates only to an award when death results from causes other than the injury. In the instant action, an award had not been made to decedent during his lifetime, nor did the decedent die from causes other than the injury.

We therefore hold there are no statutory provisions conferring jurisdiction upon the State Industrial Court to revive an action and enter an award for disability and medical expenses in favor of an employee's dependents, where no award has been entered in favor of the injured employee during his lifetime and the injured employee dies as a result of such injury. We further hold that such authority was

not delegated to the State Industrial Court by necessary implication by enactment of the Death Benefits Act in 1951. Therefore, the State Industrial Court did not have jurisdiction to enter the award which is the subject matter of this appeal.

The award is vacated and the cause remanded to the State Industrial Court with directions to dismiss the claim.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JACKSON and BERRY, JJ., concur.