COMMISSIONERS OF LAND OFFICE — AUTHORITY OF LEGISLATION TO MANDATE NUMBER OF VOTES REQUIRED TO RESCIND PRIOR ACTION The Oklahoma Legislature has the authority to direct that three members of the Commissioners of the Land Office may legally rescind a former action. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Does the Legislature of the State of Oklahoma have the authority to direct that three members of the Commissioners of the Land Office may legally rescind a former action taken by them ?" Your question makes inquiry as to the authority of the Oklahoma Legislature to amend 64 O.S. 154 [64-154] (1971). Senate Bill 719 enacted by the Second Session of the Thirty-fifth Oklahoma Legislature amended 64 O.S. 154 [64-154] to change the necessary number of votes needed for rescission of a prior act by the Board of Commissioners from a unanimous vote to a three-fifths vote. The Commissioners of the Land Office was created by Article VI, Section 32 of the Oklahoma Constitution: "The Governor, Secretary of State, State Auditor, Superintendent of Public Instruction, and the President of the Board of Agriculture, shall constitute the Commissioners of the Land Office, who shall have charge of the sale, rental, disposal, and managing of the school lands and other public lands of the State, and of the funds and proceeds derived therefrom, under rules and regulations prescribed by the Legislature." (Emphasis added) Pursuant to the Enabling Act and the Oklahoma Constitution, the Oklahoma Legislature has enacted statutes governing the operation of the Commission. It is obvious that the Oklahoma Legislature cannot promulgate any statute that would conflict with the provisions in the Enabling Act and the Constitution. A search of said Act and Constitution reveals no provision concerning the subject of this opinion request. Absent any constitutional provision to the contrary, the statute in question must be upheld as stated in Hazel-Atlas Glass Company v. Walker,195 Okl. 470, 159 P.2d 268 (1945): "It is well settled that an act of the legislature will not be declared invalid and void unless it is clearly, palpably, and plainly inconsistent with the terms of the Constitution. See Perry v. Carter, 173 Okl. 267, 48 P.2d 278; Protest of Downing et al., 164 Okl. 181, 23 P.2d 173. . . ." The law dictates a strong presumption that every legislative act is constitutional and one who attacks such law has the burden of proving beyond all doubt that the same is unconstitutional. (Patterson v. State, 7 Okl. Cr. 497,124 P. 942). It has been held numerous times that the authority of the Legislature extends to all rightful subjects of legislation not prohibited by the Constitution or in conflict therewith. (In re Flynn's Estate, Okl.,237 P.2d 903; and In re House Bill No. 145, Okl., 237 P.2d 624
(1951)). There being no constitutional provision to the contrary, the statute in question, 64 O.S. 154 [64-154] (1971) as amended by Senate Bill 719, Thirty-fifth Legislature, Second Session, must be upheld as a proper subject of legislation. The Oklahoma Legislature's authority to govern state agencies and their internal operation is unquestioned. For these reasons, the Legislature may mandate the number of votes needed to rescind a former action by the Commissioners of the Land Office. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Oklahoma Legislature has the authority to direct that three members of the Commissioners of the Land Office may legally rescind a former action. (J. ANGELA ABLES) (ksg)