NATIONAL ZINC COMPANY, INC., and
Insurance Company of North
America, Petitioners,

v.

The Honorable Yvonne SPARGER, Judge
of the State Industrial Court, State of
Oklahoma, Respondent.

J. L. RICHARDSON, M. D., Petitioner,

v.

The Honorable Yvonne SPARGER, Judge
of the State Industrial Court, State of
Oklahoma, Respondent.

Nos. 50204, 50205.

Supreme Court of Oklahoma.

Feb. 1, 1977.

**192**

Best, Sharp, Thomas & Glass by Jack D. Crews and Joseph F. Glass, Tulsa, for petitioners.

Larry Derryberry, Atty. Gen., James H. Gray, Asst. Atty. Gen., Oklahoma City, for respondent.

Stipe, Gossett, Stipe & Harper by Gene Stipe and John B. Estes, Oklahoma City, for claimant, Henry B. Parker, amicus curiae.

BARNES, Justice.

This is an action in which Petitioners request this Court to assume original jurisdiction and issue Writs of Prohibition and Mandamus to Respondent Judge in a case involving an Industrial Court claim.

For the purposes of this opinion, Causes Nos. 50,204 and 50,205, involving the same question and subject matter, are hereby consolidated.

The pertinent facts are as follows: On January 6, 1976, Claimant, Henry B. Parker, Amicus Curiae herein, appeared before Respondent Judge Yvonne Sparger in a workmen's compensation claim filed by Claimant against National Zinc Company, Inc., and Insurance Company of North America, hereinafter referred to as Petitioners. At the trial, medical reports of Dr. J. L. Richardson and Dr. M. Thomas Buxton, Jr., were entered and accepted as evidence. Respondent Judge selected an independent doctor, Dr. W. J. Hale, to examine Claimant. Following the examination, Dr. Hale submitted a medical report to Respondent Judge, to which Petitioners specifically expressed their objection in writing and indicated they would not waive their right

of cross-examination. Respondent Judge, without affording Petitioners an opportunity to cross-examine her medical witness, entered an order April 15, 1976, awarding permanent partial disability to Claimant based upon Dr. Hale's medical report.

On August 4, 1976, the State Industrial Court en banc vacated the Respondent Judge's order awarding compensation and remanded the cause to allow cross-examination of the court-appointed doctor by Petitioners. Following Petitioners' request to take Dr. Hale's deposition, the court forwarded to them a letter dated September 10, 1976, advising that a hearing in this regard would be set for October 14, 1976, at 1:30 p. m., and that any medical doctor whose medical evidence was introduced at the time of trial would be subpoenaed to appear. The Respondent Judge transferred the case from its original situs of hearing, Tulsa, Oklahoma, to Oklahoma City, Oklahoma, and issued a subpoena to Dr. J. L. Richardson of Tulsa, Oklahoma, to appear at the hearing set for October 14, 1976, in Oklahoma City.

Petitioners contend the ruling of Respondent Judge constitutes a complete and absolute abuse of judicial discretion in that (1) the transfer of the case from Tulsa County to Oklahoma County is contrary to 85 O.S. 1971, § 77(8); (2) the medical reports of both doctors subpoenaed to testify were introduced into evidence without objection at the previous hearing; and (3) the subpoena presented to Dr. J. L. Richardson of Tulsa to appear at the Oklahoma City hearing is in contravention of 12 O.S.1971, § 390.

Petitioners seek a Writ of Mandamus requiring Respondent Judge to transfer the hearing back to the original situs, which was in Tulsa, at the request of Claimant Parker. Petitioners further seek a Writ of Prohibition to prohibit Respondent Judge from forcing Dr. J. L. Richardson to appear under the subpoena in Oklahoma County when the subpoena was served in Tulsa County. Proceedings in the workmen's compensation claim set for hearing on October 14, 1976, were stayed by order of Respondent Judge pending determination of

the present request by Petitioners for this Court to issue Writs of Prohibition and Mandamus.

In support of their Application and Petition for Writ of Prohibition, Petitioners cite 12 O.S.1971, § 390, which provides:

"*A witness shall not be obliged to attend for examination* on the trial of a civil action or to attend to give his deposition *except in the county of his residence or a county adjoining the county of his residence,* or where he may be when the subpoena is served upon him, *except* in cases *where* a witness has been *subpoenaed by any state department, board, commission or legislative committee authorized by law to issue subpoenas*; such witness shall be required to attend in obedience to such subpoena at the time and the place within this state set out therein. Provided, however, that the deposition of a party or witness from an adjoining county shall be admissible in evidence." (Emphasis ours)

Petitioners argue that since the hearing in this matter was scheduled for Oklahoma County and the subpoena to Dr. J. L. Richardson was served in his county of residence, Tulsa County, 12 O.S.1971, § 390, supra, indicates the witness is not obliged to attend the hearing under the issued subpoena.

On the other hand, Respondent argues the State Industrial Court falls within the exception provided in 12 O.S.1971, § 390, supra, which allows any State department, board, commission or legislative committee authorized by law to issue subpoenas to have in effect a statewide subpoena power. In this regard, Respondent cites *Bryant-Hayward Drilling Co. v. Green,* 362 P.2d 676 (Okl.1961), and *Union Indemnity Co. v. Sailing,* 166 Okl. 133, 26 P.2d 217 (1933), which indicate the State Industrial Court is an "administrative body exercising quasi judicial powers."

■ The Oklahoma Legislature in 1959 changed the State Industrial Commission to the State Industrial Court by 85 O.S.1971, § 91. That statute provides in part:

"(b) The State Industrial Court is hereby designated and confirmed as a *court of récord,* with respect to any matter within the limits of its jurisdiction, and within such limits the judges thereof shall possess the *powers and prerogatives of the judges of other courts of record of this state.*" (Emphasis ours)

Further, in 1976 the Rules of the Industrial Court were revised to provide in 85 O.S., Ch. 4, App. (1976 Supp.), Rule 2, as follows:

"Except where otherwise provided by statute or these rules, the rules of pleading and practice applicable in the District Court of this state in civil cases shall be followed."

From our review, we think Rule 2, supra, when construed with 85 O.S.1971, § 91, supra, indicates that the Industrial Court is a court of record with powers similar to the district courts of this State.

■ We further note the language of this Court in *Cities Service Gas Co. v. Witt,* 500 P.2d 288 (Okl.1972):

"* * * It is well settled that the Industrial Court is a statutory tribunal of limited jurisdiction and has only such jurisdiction as is conferred by law. *Pine v. Davis,* 193 Okl. 517, 145 P.2d 378; *Bryant-Hayward Drilling Company v. Green,* Okl., 362 P.2d 676. * * *" (Emphasis ours)

We, therefore, conclude the State Industrial Court is in fact a tribunal and does not come within the exception to 12 O.S.1971, § 390. Thus, the Industrial Court is a court of record limited by 12 O.S.1971, § 390, as any other court of record within this State with regard to compelling a witness to trial. For the aforementioned reasons, we find a Writ of Prohibition should be issued to prohibit Respondent Judge from requiring Dr. J. L. Richardson to appear under subpoena in Oklahoma County when same was served in Tulsa County, the county of his residence.

■ We next consider Petitioners' contention that Respondent Judge committed an abuse of judicial discretion by transferring the case from Tulsa County to Oklaho-

ma County. Petitioners rely on 85 O.S. 1971, § 77(8), which states:

"The Commission shall require each and every claimant at the time of making and filing his notice of injury, or within thirty (30) days thereafter, to elect where necessary hearings shall be held; provided, that if the claimant is a legal resident of the State of Oklahoma, he shall be required to elect either the county of his legal residence, or the county wherein the injury occurred. *After the claimant has made his election, all future hearings affecting his case shall be held in the county so designated by the claimant* subject to the following *exceptions*:

"1. The Commission or trial Commissioner, *upon agreement by both parties*, shall transfer such cause for hearing to any other county agreed upon.

"2. The Commission or trial Commissioner, may, in its or his discretion, transfer any cause to another county upon application of either party litigant, provided, that upon the making of such transfer, the Commission or trial Commissioner shall require as a condition precedent thereto, that the party requesting such transfer pay all expenses incident thereto, including expense of travel and subsistence of the party litigant and his attorney of record.

"3. The Commission or trial Commissioner, may, upon its or his motion, or upon the motion of either party litigant, transfer the cause to some county other than the county designated by the claimant, *when* such transfer is *necessary to the proper and prompt adjudication of the claim.*" (Emphasis ours)

Under § 77(8), supra, Petitioners urge the transfer from Tulsa to Oklahoma County was an abuse of judicial discretion in that Petitioners never agreed to the transfer nor was such transfer necessary to the proper and prompt adjudication of the claim. Petitioners further contend the hearing with regard to Dr. J. L. Richardson and Dr. M. T. Buxton, Jr., is redundant since the medical depositions and reports of these doctors have already been introduced into evidence by the respective parties without objection and the Court en banc has ordered the cause remanded to allow Petitioners to cross-examine Dr. William J. Hale, the court-appointed doctor.

Respondent Judge, on the other hand, relies on the exception contained in 85 O.S. 1971, § 77(8), Subdivision 3, which gives the Trial Judge the authority to transfer a cause to a county other than the one designated by the claimant, "when such transfer is necessary to the proper and prompt adjudication of the claim." In support of this position Respondent cites *Campbell v. State Industrial Court,* 519 P.2d 510 (Okl.1974).

Respondent notes the court-appointed physician who is to be cross-examined and the Claimant's physician subpoenaed to testify both live in Oklahoma County and that Dr. J. L. Richardson is the only witness subpoenaed by the Court who does not reside in Oklahoma County. Further, both Respondent and Claimant, Amicus Curiae herein, urge that the hearing could come on much earlier in Oklahoma County than in Tulsa because of a heavy trial docket in Tulsa where only one judge is regularly available, as opposed to four judges in Oklahoma County.

Respondent further urges that the Industrial Court and the authority given judges of that Court equivalent to any court of record would include the inherent power of that Court to seek the truth in the interest of justice and that it is not an abuse of discretion, considering the circumstances of this case, for the trial court to desire to have all expert witnesses examined in open court and thus be better able to determine the issues in a fair and just manner. Respondent cites several cases, including *Brannen v. State Industrial Commission,* 333 P.2d 304 (Okl.1958), to support its authority to seek whatever testimony is needed to determine the questions presented. However, we find no cases cited by Respondent which would permit the duplicitous testimony of expert medical witnesses who have previously testified at a hearing without objection as being "necessary to the proper and prompt adjudication of the

claim." We think the Industrial Court en banc in remanding the cause for the purpose of cross-examination of Dr. Hale thereby informed Respondent Judge of the act "necessary for the proper and prompt adjudication of the claim."

We hold there was an abuse of judicial discretion on the part of Respondent Judge under 85 O.S.1971, § 77(8), and that a Writ of Mandamus should issue to compel Respondent to transfer the cause back to the original situs of Tulsa County.

Respondent Judge urges in this appeal that the Industrial Court en banc was in error in remanding the case for cross-examination of the court-appointed physician because at no time during the hearing did either party request the right to cross-examine the physician and both parties rested their cases without any request to cross-examine. Relying on *Richardson v. M. & D. Freight Lines, Inc.*, 322 P.2d 192 (Okl.1957), Respondent contends the failure of Petitioners to make a timely request for such cross-examination effectively waived any such rights they may have had to do so. The rules of the Industrial Court do not require that a request for cross-examination of a medical witness be made before the witness' report is submitted. To the contrary, in an attempt to encourage the production of medical evidence by written reports, Rule 12(2) provides that:

"The respondent must advise claimant within five (5) days after the receipt of claimant's medical report, in writing, of his intention to cross-examine claimant's physician by deposition. A copy of said objection is to be filed with the Court, certifying that the objection was mailed to claimant. Unless the claimant is notified of respondent's intention to cross-examine the doctor or doctors, cross-examination shall be deemed to have been waived. Upon receipt of respondent's objection, claimant shall immediately submit his physician for cross-examination by deposition."

The Petitioner complied with Rule 12(2) of the Industrial Court which was a timely request.

Original jurisdiction assumed; Writs of Prohibition and Mandamus granted.

All the Justices concur.