ARKANSAS LOUISIANA GAS COMPANY, a corporation, Appellant,

v.

Boyd CABLE and Eva Lee Cable, husband and wife, Appellees.

No. 49247.

Supreme Court of Oklahoma.

Oct. 17, 1978.

1114

James M. May, McAlester, for appellant.

Clyde Stipe, Stipe, Gossett, Stipe & Harper, McAlester, for appellees.

BERRY, Justice:

Arkansas Louisiana Gas Company [Arkla], appellant, was plaintiff in eminent domain action. Boyd Cable and Eva Lee Ca-

ble [landowners], appellees, were defendants. Arkla sought a high pressure gas pipeline right of way 80 feet wide and some 2707 feet long across landowners' one-quarter section of land in Pittsburg County. The petition and ancillary papers were filed, commissioners appointed, and commissioners' report and assessment of damage filed in due time. Both parties moved for jury trial.

On jury trial, Arkla's witnesses testified the best use of the realty was for agricultural purposes and the taking reduced fair market value by either $1,511.25 or $1,650.00.

Landowners' witnesses testified that the best use of the property was for residential subdivision, that in consequence of a high pressure pipeline running in the easement an additional 100 feet on each side of the easement was rendered useless for residential subdivision, and that fair market value was reduced by either $18,700, $22,000, or $39,950. One of landowners' witnesses, qualified as an expert on real property values, testified that the additional 100 foot strip along each side of the 80 foot easement was rendered useless for residential development because potential residents would not locate in proximity to a high pressure pipeline due to a general belief pipelines explode.

Jury verdict for $9,000.00 was returned and journal entry of judgment was filed. Motions for new trial and judgment notwithstanding the verdict were filed.

After the motions for new trial and judgment notwithstanding the verdict were overruled petition in error was timely filed.

Appellant raises three propositions. We will consider proposition Two and proposition Three and then dispose of proposition One.

Appellant's second proposition is:

"While competent evidence may be introduced to show adaptability of undeveloped farm land for residential building or subdivisional purposes, it is prejudicial to permit valuation thereof on a per lot basis and allow 'damages' to be computed on the aggregated value of the hypothetical building sites or lots and thus arrive at the difference between the 'before and after' value, and assess this sum as the amount due."

The record reveals appellees' witnesses did not aggregate the value of hypothetical building sites valued on a per lot basis. Testimony offered by appellees' expert witnesses went to fair market value for residential subdivision prior to taking by Arkla, and to fair market value after taking, and to the difference, or diminution in value.

■ Evidence of diminution in market value, arrived at by comparing market value prior to taking and market value after taking, where market value is expressed in terms of a particular suitable use, is admissible. *Arkansas Louisiana Gas Company v. Maggi*, Okl., 409 P.2d 369; *City of Tulsa v. Biles*, Okl., 360 P.2d 723.

■ Diminution in value of the remainder may be directly the result of the taking, such as here where usefulness of the surface is impaired by taking. Diminution may also result consequentially, as where land not taken is somehow reduced in value by taking. Both direct and consequential diminution may be proved by testimony. *Finley v. Board of County Commissioners*, Okl., 291 P.2d 333.

■ In the instant case, consequential diminution rests largely on assertion that the best use of the property is for residential subdivision. This is permissible, if there is first evidence that residential subdivision is the best use. No steps need have been taken to actually subdivide. *Tulsa v. Biles*, supra. We have considered the record, including instructions to the jury with regard to expert testimony. The record does not support appellant's second proposition.

Appellant's third proposition is:

"It is prejudicial error to admit testimony of unfounded and prospective elements of damages wholly upon the 'personal', and private individual opinion of expert witnesses . . . (sic) especially when admittedly based entirely on

hearsay, i. e., pure rumors and newspaper articles only and not within their experience, learning, personal knowledge, or observation as an expert on the subject."

Appellees' expert testified to consequential diminution in fair market value. The witness testified he would not build a house or a structure within 100 feet of the right of way. He testified this was because pipelines are known to explode. After appellant's objection the witness went on to testify he relied on newspaper articles to show pipelines explode.

■ We have reviewed the transcript of testimony. It is clear appellees' witness was neither testifying that pipelines do explode, nor testifying to accuracy of newspaper reports. The truth of the newspaper articles was not an issue. The articles did not tend to prove any issue in the case. The purpose of witness' remarks was to show a prevailing local market condition. This was within his competence as an expert.

■ Appellant raises the issue that the opinion expressed was the witness' personal opinion. Appellant seems to infer the witness' testimony refers to a home for witness' own use. We note on cross-examination the witness, a real estate dealer, explained the reason for his hesitance to build within 100 feet of the easement: "I couldn't sell it." The witness was expressing his opinion as a qualified real estate expert as to diminution of value of real property in terms of the property's best use as a residential subdivision. Trial court did not err in allowing the jury to consider the testimony, especially in view of instructions properly limiting the office of expert testimony.

■ Other errors urged by appellant are not properly before us. Appellant attempts to raise matters for the first time on appeal, rather than to present the questions to trial court. We will not consider matters so raised. 12 O.S.1971 § 992.

Appellant's proposition One is moot, there having been obtained and filed a journal entry nunc pro tunc pursuant to Order of this Court.

Affirmed.

All Justices concur.