2010 OK CIV APP 77

**Andrew J. ORCUTT, Petitioner/Appellant,**

v.

**LLOYD RICHARDS PERSONNEL SERVICE &/or Compsource Oklahoma and the Workers Compensation Court, Respondents/Appellees.**

**No. 107,047.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 25, 2010.

W.E. Sparks, Tulsa, OK, for Petitioner/Appellant.

David J.L. Frette, Hastings & Associates, Tulsa, OK, for Respondents/Appellees.

JERRY L. GOODMAN, Judge.

¶1 Claimant, Andrew J. Orcutt, appeals the trial court's April 22, 2009, order denying his claim for compensation for injury to his left knee while playing basketball in Employer's warehouse. We sustain the order.

## FACTS

¶2 Claimant was employed by Lloyd Richards Temporary Employment Agency who assigned him to work for Marisol in its warehouse. The warehouse contained a portable basketball goal with the surrounding floor painted to simulate a basketball court. Marisol permitted its workers to use these facilities to play basketball before and after work and on their lunch and afternoon breaks.

¶3 Claimant argues that Marisol encouraged this workplace recreational activity by its lunch period policy. Employees were granted one-half hour for their lunch period. However, employees remaining on the premises during the lunch period were not required to clock out and only had thirty minutes deducted from their work time for the lunch period each day. Conversely, employees leaving the premises were allowed a half-hour for their lunch period but were required to clock out and in when leaving and returning to work. Apparently, Claimant used a portion of his lunch period to play basketball.

¶4 Claimant injured his knee during this activity. Employer agreed Claimant was injured. However, it denied his injury was a compensable injury.

¶5 The trial court found claimant "was injured while playing a game of basketball with co-worker immediately after lunch" and those injuries "are the result of engaging in a recreational activity, (playing basketball)," and therefore did not arise out of and in the course of his employment, citing 85 O.S.2001 and Supp.2005, § 3(13)(d).

## THE CHALLENGED LAW

¶6 Title 85 O.S.2001 and Supp.2005, § 3(13)(a) and (d) state, in relevant part:

a. "Compensable injury" means any injury ... which arises out of and in the course of employment if such employment was the major cause of the specific injury or illness....

d. "Compensable injury" ... shall not include the ordinary, gradual deterioration or progressive degeneration caused by the aging process, unless the employment is a major cause of the deterioration or degeneration and is supported by objective medical evidence, as defined in this section; *nor shall it include injury incurred while engaging in, performing or as the result of engaging in or performing any recreational or social activities*....

(Emphasis added.)

¶7 Claimant's sole proposition of error states:

Trial Court Abused Its Constitutional Authority In Not Declaring Section 3 Subsection 13(d) Of Title 85, As Vague, Ambiguous And Unconstitutional, Based On Its Failure To Qualify Or Quantify, What Or When Recreational Or Said Social Activities Are To Be Deemed Non–Compensable Injuries. [All caps removed.]

## STANDARD OF REVIEW

¶8 Claimant's constitutional challenge to this statute presents a question of law, which we review *de novo*.

The appellate court will exercise its "plenary, independent, and non-deferential authority [when] reexamin[ing] a trial court's legal rulings." *Spielmann v. Hayes,* 2000 OK CIV APP 44, 3 P.3d 711; *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.,* 1996 OK 125, ¶4, 932 P.2d 1100, 1103 n. 1. This Court's standard of review is *de novo* and gives no deference to the legal rulings of the trial court. *State, ex rel. Dept. of Human Services, ex rel. Jones v. Baggett,* 1999 OK 68, 990 P.2d 235. Regarding questions of constitutionality, this Court will not declare an act of the legislature "void unless it is clearly, palpably, and plainly inconsistent with the terms of the

Constitution." *Hazel–Atlas Glass Co. v. Walker,* 1945 OK 176, 195 Okla. 470, 159 P.2d 268, 269.

*Rivas v. Parkland Manor,* 2000 OK 68, ¶ 6, 12 P.3d 452, 455.

## ANALYSIS

¶ 9 Claimant's proposition of error is without merit.

¶ 10 The appealed order does not address the issue of § 3(13)(d)'s constitutionality; therefore we have no decision on this issue to review. Claimant must present a record to this Court showing the trial court ruled erroneously on the appealed issue. No such ruling appears in the record. Absent such, the final order of the trial court is presumed to be correct. *Pracht v. Oklahoma State Bank,* 1979 OK 43, ¶ 5, 592 P.2d 976, 978. This reason alone supports our finding and conclusion that the trial court committed no error.

¶ 11 Because of the importance of the constitutional issue, we will accept Claimant's argument that the trial court implicitly ruled that the statute is constitutional. Claimant contends the language chosen by the Legislature, *i.e.,* "any recreational or social activity" is so vague and overbroad as to prohibit constitutionally protected conduct. Claimant's brief asks this question:

What conduct is asking to be protected? Any injury sustained under the dominion and control and approval of one's employer should be compensable.

■ ¶ 12 Clearly, the Legislature has answered Claimant's question: A worker's conduct during a recreational or social activity resulting in an injury to the worker is excluded from the definition of a compensable injury even though such an activity occurs at the workplace and is permitted and condoned by the employer.

■ ¶ 13 Claimant makes another argument that the Legislature's choice to limit the type of injury for which compensation is paid will result in "unintended consequences" because activities which used to be compensable under previous law are no longer compensable. This argument is logically untenable. The intended consequence of this provision is that injuries to workers incurred during employer-sponsored recreational or social activities will no longer be compensable. Clearly, this is the intended consequence of the law, not the unintended.

■ ¶ 14 Under this provision Claimant is correct when he states that "activities which used to be compensable under previous law are no longer compensable." This is so because the Legislature has exercised its legislative power to make it so. The Legislature passed the subject law, one of the purposes of which is to exclude from the definition of compensable injury "... injury incurred while engaging in, performing or as the result of engaging in or performing any recreational or social activities...."

We also recognize the following general rules concerning statutory interpretation. When called on to determine the meaning of a statute, a court's primary goal is to ascertain and then follow the intention of the Legislature. *See TRW/Reda Pump v. Brewington,* 1992 OK 31, 829 P.2d 15, 20. Legislative intent is ascertained by reviewing the whole act in light of its general purpose and object. *Id.* [*Fulsom v. Fulsom,* 2003 OK 96, 81 P.3d 652] further delineated certain well recognized principles concerning statutory interpretation. *Fulsom* states:

The plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent. Also, a court is duty-bound to give effect to legislative acts, not to amend, repeal or circumvent them. A universally recognized principle in cases when a court is called on to interpret legislative enactments is that the court is without authority to rewrite a statute merely because the legislation does not comport with the court's conception of prudent public policy. *Fulsom,* 2003 OK 96, ¶ 7, 81 P.3d at 655. (citations omitted).

*Boston Avenue Management, Inc. v. Associated Resources, Inc.,* 2007 OK 5, ¶ 11, 152 P.3d 880, 885.

¶ 15 The fact this particular law may have unintended consequences can not be allowed to defeat its intended consequences. The Legislature has made clear that the purpose and consequence of the subject statute is to exclude from the definition of compensable injury an injury incurred while engaging in, performing, or as the result of engaging in or performing, any recreational or social activities.

¶ 16 Claimant further argues that the Legislature cannot limit or change benefits conferred by the Workers' Compensation Laws. This too is an erroneous argument. What statute applies to a particular case or controversy and whether benefits have vested under the applicable statute admittedly requires the exercise of judicial power. Nevertheless, the definition of compensable injury and the nature and extent of benefits to be awarded for such is determined by statute. A compensation system for workers' injuries occurring on the job did not exist at common law. These various state workers' compensation systems are strictly a legislative creation.

¶ 17 In *Rivas, id.,* the Supreme Court of Oklahoma held that:

> The formulation of the particular elements and details of the Workers' Compensation Act clearly falls within the legislature's province. Okla. Const. Art. 5, § 36; [*Adams v. Iten Biscuit Co.,* 1917 OK 47, 162 P. 938] at 942 . . . . . .
>
> Rivas invokes the remedy guarantee to attack this substantive legislative policy choice. However, this Court has already determined Art. 2, § 6 was not "intended to preserve a particular remedy for given causes of action in any certain court of the state, nor was it intended to deprive the Legislature of the power to abolish remedies for future accruing causes of action . . ., or to create new remedies for other wrongs as in its wisdom it might determine." *Adams,* 162 P. at 942. Accordingly, this Court cannot grant Rivas the relief he seeks under Art. 2, § 6, because the legislature is under no obligation to preserve a certain remedy for Rivas and the courts are, in turn, not able to provide a remedy where the legislature has not provided one.
>
> The remedy clause does not constrain the legislature, but rather compels the judiciary to be open to all persons with actionable causes. In Oklahoma, Art. 2, § 6 does not provide an avenue for Rivas to attack the actions of the legislature. Because it is the legislature and not the judiciary that limited Rivas' PPD compensation, this proposition must fail.

*Id.* at ¶¶ 19–21, at 458.

¶ 18 Claimant makes his own error of vagueness when he asserts that legal error occurred because Claimant had some right to a specific remedy prior to becoming injured. The Legislature's prerogative to exclude from compensability injuries to workers incurred during work-related recreational and social activities is not an unconstitutional exercise of its power to legislate. Claimant has not been deprived of any rights, vested or otherwise.

¶ 19 Finally, there is ample competent evidence in this record to support the trial court's factual determinations, which is all the law requires under the so-called "any competent evidence" standard of review.

¶ 20 For all these reasons, we sustain the order under review.

¶ 21 SUSTAINED.

GABBARD, P.J., concurs.

RAPP, J., not participating.