MARTIN v. CITY OF TULSA



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MARTIN v. CITY OF TULSA

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MARTIN v. CITY OF TULSA
2021 OK CIV APP 19
489 P.3d 78
Case Number: 118178
Decided: 08/12/2020
Mandate Issued: 05/26/2021
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2021 OK CIV APP 19, 489 P.3d 78

 

JAMES BRICE MARTIN, Petitioner,
v.
CITY OF TULSA (OWN RISK #10435) and THE WORKERS' COMPENSATION COMMISSION, Respondents.

PROCEEDING TO REVIEW AN ORDER OF
THE WORKERS' COMPENSATION COMMISSION

AFFIRMED

Kathryn Black, FRASIER, FRASIER & HICKMAN, Tulsa, Oklahoma , for Petitioner,

Travis R. Colt, Lori R. Whitworth, LATHAM, STEELE & LEHMAN PC, for Respondent, City of Tulsa (Own

Risk #10435),

Bay Mitchell, Presiding Judge:

¶1 The petitioner appeals from an order of the Workers' Compensation Commission that affirmed the decision of its administrative law judge (ALJ) to reduce the petitioner's permanent partial disability (PPD) award by $13,526.19 pursuant to 85A O.S. Supp. 2014 §89. Section 89 requires the reduction of a PPD award by the amount of any wages paid in excess of the statutory temporary disability maximum. The petitioner argues the ALJ, and thus the Commission, erred in applying §89 to reduce his PPD award for four separate reasons. Because we do not find any of the petitioner's arguments persuasive, we affirm.

BACKGROUND

¶2 The facts of the case are straightforward and uncontroverted. The petitioner, James Martin is a firefighter for the City of Tulsa. In 2017 he had a work-related injury to his right wrist. Because of the injury, Mr. Martin was unable to work for four months. Pursuant to both 11 O.S. Supp. 2012 §49-111 and his collective bargaining agreement, Mr. Martin was paid his full wages during his time away from work. Eventually, he was awarded $19,896.80 in PPD for a 28% impairment to his right wrist. However, the wages Mr. Martin received while he was recovering exceeded the statutory maximum for a temporary total disability award by a total of $13,526.19. Pursuant to 85A O.S. Supp. 2014 §89,[1] the city requested a reduction of Mr. Martin's PPD award for this amount. The ALJ granted the request and the Commission affirmed the award, rejecting all Mr. Martin's arguments that the reduction should not apply to him. Mr. Martin timely appealed.

ANALYSIS

¶3 This case presents only questions of law. The applicable standard of review is thus de novo. Orcutt v. Lloyd Richards Pers. Serv., 2010 OK CIV APP 77, ¶8, 239 P.3d 479, 481 We may modify, reverse, remand for rehearing, or set aside a judgment or award of the Commission if it was affected by an error of law. 85A O.S. Supp. 2014 §78(C).

¶4 Mr. Martin makes four separate arguments that the ALJ and the Commission erroneously applied 85A O.S. Supp. 2014 §89 to reduce his PPD award. He argues that (1) §89 only applies to "advance payments for compensation," and was therefore erroneously applied here; (2) the application of 11 O.S. Supp. 2012 §49-111 should have prevented the §89 deduction; (3) the ALJ acted outside her jurisdiction in diminishing his PPD award because the reduction violated his collective bargaining agreement; and (4) the City of Tulsa's charter supersedes §89 under the "home rule" doctrine. Each argument is discussed below.

¶5 Advance-payments argument. Mr. Martin first argues that §89 does not apply to him because that section, the argument goes, only applies in cases were an employer has made "advance payments for compensation," which all agree is not what occurred here. The payments to Mr. Martin were neither payments made "in advance," nor "for compensation," but were simply payments of Mr. Martin's full salary, which the city was statutorily and contractually obligated to pay.

¶6 Mr. Martin misreads the statute. When read in full the statute is not limited to "advance payments of compensation." Although the first sentence of §89 allows employer reimbursement for such payments, advance payments are not the subject of the remainder of the §89. The third sentence specifically, which is where the City places its reliance in demanding the offset in this case, is unambiguous. It states: "Any wages paid by the employer, over the statutory temporary disability maximum, shall be deducted from the permanent partial disability award." 85A O.S. Supp. 2014 §89 (emphasis added). We do not find this language ambiguous, and thus apply the plain meaning of the words of the statute. Humphries v. Lewis, 2003 OK 12, ¶3, 67 P.3d 333, 335. The required reduction is not limited to "advance payments" made "for compensation," but to "any wages" paid. As such, the deduction made by the ALJ and affirmed by the commission was not only correct, it was required by the plain language of §89.[2]

¶7 Argument under 11 O.S. §49-111. In his second argument, Mr. Martin insists that there is a conflict between §89, which he calls the "general law," and 11 O.S. Supp. 2012 §49-111, which he labels "specific." And, he argues, because of this alleged conflict, the specific law must prevail. However, Mr. Martin's reading of these statutes contemplates a conflict that does not actually exist.

¶8 Section 49-111 of Title 11 is part of the Oklahoma Municipal Code and requires that firefighters are paid their full salary during periods of disability for up to six months, "notwithstanding the workers' compensation provisions of Title 85 of the Oklahoma Statutes related to temporary disability benefits ...."[3] Ignoring the fact that the statute has not been updated to reference Title 85A instead of Title 85, it is clear that there is no conflict between this statute and §89 of Title 85A because both statutes can be complied with. There is no disagreement about the fact that Mr. Martin received his full salary during his four months away from work. Nothing in §89 attempts to remove this benefit or requires Mr. Martin to repay this salary. Rather, §89 operates to reduce the amount of his workers' compensation benefit, not his salary. Both statutes were complied with here, and thus we need not decide which is the one that should be given priority.

¶9 Collective-bargaining argument. Next, Mr. Martin argues that his collective bargaining agreement with the city precludes the application of §89 because "the ALJ acted outside the scope of her jurisdiction when she diminished [Mr. Martin's] benefit contra to the parties' collective bargaining agreement." Brief-in-Chief, pg. 6. Setting aside the fact that the collective bargaining agreement relied upon by Mr. Martin does not appear in the record on appeal, we reject this argument because it is clear enough from the briefing that the petitioner's complaint is that the agreement simply requires firefighters to receive their full salary during periods of disability. As discussed above, it is clear that Mr. Martin received this salary and the application of §89 to reduce his total workers' compensation benefit does not alter that fact. Nothing in the collective bargaining agreement precludes the application of §89. See also Braitsch v. City of Tulsa, 2018 OK 100, n.5, 436 P.3d 14, 21 (finding, in examining a presumptively similar collective bargaining agreement, that "[t]here are no provisions in the CBA concerning PPD benefits that would conflict with § 89.")

¶10 Home-rule argument. Finally, Mr. Martin argues that the "home rule" doctrine precludes the application of §89. This argument is foreclosed on appeal, as it was not made before either the ALJ or the commission. 12 O.S. 2011 §992; Arkansas Louisiana Gas Co. v. Cable, 1978 OK 133, ¶16, 585 P.2d 1113, 1116. Even if the argument had been raised below, it would not have assisted Mr. Martin in his effort to avoid §89. The "home rule" doctrine states that "[w]henever a [city] charter is in conflict with any law relating to municipalities in force at the time of the adoption and approval of the charter, the provisions of the charter shall prevail and shall operate as a repeal or suspension of the state law or laws to the extent of any conflict." 11 O.S. 2011 §13-109 (emphasis added). However, neither §89, nor any of the workers' compensation laws are laws "relating to municipalities," but rather, are laws of general concern that apply to "[e]very employer and every employee" in the state. 85A O.S. §3(A). Further, the statute Mr. Martin points to as potentially in conflict with §89 is 11 O.S. §49-111, which is the same statute as discussed above. It does not conflict with §89 as it only requires that firefighters receive their full salary during periods of disability, notwithstanding any workers' compensation laws. As discussed, Mr. Martin received his salary in full, and nothing in §89 requires a reduction in that benefit. There being no conflict between the municipal law and the generally applicable workers' compensation laws, we need not choose which statute to apply. As discussed above, both are applicable, and the Commission's order affirming the ALJ's application of §89 was therefore not in error.

¶11 AFFIRMED.

SWINTON, V.C.J., and GOREE, J. (sitting by designation), concur.

FOOTNOTES

[1] At the time of the accident, the statute provided as follows:

If the employer has made advance payments for compensation, the employer shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due. If the injured employee receives full wages during disability, he or she shall not be entitled to compensation during the period. Any wages paid by the employer, over the statutory temporary disability maximum, shall be deducted from the permanent partial disability award. Such deduction shall be made after any such applicable attorney fee and any such assessment made pursuant to Sections 45 and 46 of this act have been paid.

85A O.S. Supp. 2014 §89 (emphasis added).

The statute was subsequently amended by adding the following provision:

Provided, however, no wages paid by the employer in excess of the statutory temporary disability maximum, pursuant to a collective bargaining agreement, shall be deducted from any benefit otherwise available under this title.

85A O.S. Supp. 2019 §89. Although this change in the law was discussed at the hearing, and the city's attorney admitted it would change the result if applied in this case, no party has argued that the new provision should be applied here.

[2] Additionally, Mr. Martin argues that the entirety of §89 is limited to advance payments because the title of the statute, according to the West Publishing Company's compilations, is "Advance Payments." The argument is also unpersuasive. First, we note that this is only the title as provided by West. On OSCN.net, in contrast, the title of the statute is "Reimbursement - Deductions." Further, as discussed above, there is nothing ambiguous in the language of the statute itself. Although the first sentence applies to situations where an employer makes payments in advance, the remainder of the statute concerns other scenarios. Although a statutory title may provide some evidence of intent of the legislature where the words are unclear, Naylor v. Petuskey 1992 OK 88, ¶4, 834 P.2d 439, we decline to give such weight to West's labeling of this statute that would assist in defeating the plain meaning of the statute itself.

[3] The applicable provision reads as follows:

Whenever any member of the fire department of any municipality, on account of sickness or temporary disability, other than a burn injury, caused or sustained while in the discharge of the member's duty as such member, is unable to perform the member's duties, notwithstanding the workers' compensation provisions of Title 85 of the Oklahoma Statutes related to temporary disability benefits, the salary shall be paid by the municipality to the member and shall continue while the member is sick or temporarily disabled for a period of not more than six (6) months with the municipality having the option of extending the period for up to an additional six (6) months, not to exceed a total of twelve (12) months, after which period the provisions for disability benefits under the Oklahoma Firefighters Pension and Retirement System shall apply.

11 O.S. Supp. 2012 §49-111(A).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2010 OK CIV APP 77, 239 P.3d 479, ORCUTT v. LLOYD RICHARDS PERSONNEL SERVICE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 88, 834 P.2d 439, 63 OBJ 1834, Naylor v. Petuskey
Discussed
 2003 OK 12, 67 P.3d 333, HUMPHRIES v. LEWIS
Discussed
 1978 OK 133, 585 P.2d 1113, ARKANSAS LOUISIANA GAS CO. v. CABLE
Discussed
 2018 OK 100, 436 P.3d 14, BRAITSCH v. CITY OF TULSA
Discussed
Title 11. Cities and Towns
 Cite
Name
Level

 11 O.S. 13-109, Charter Controls Over Conflicting Laws
Cited
 11 O.S. 49-111, Temporary Sickness or Disability
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 992, Errors in Perfecting Appeal Must Be Raised Promptly - Waiver of Defect or Error
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 3, Applicability of Act
Cited
 85A O.S. 89, Reimbursement - Deductions
Discussed at Length
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA